STATE of Missouri, Respondent,

v.

Orville BURKEMPER, et al., Appellants.

No. 64451.

Missouri Court of Appeals, Eastern District, Division Four.

June 14, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 28, 1994.

Application to Transfer Denied Sept. 20, 1994.

Kevin M. Leahy, Moser & Marsalek, St. Louis, for appellants.

Robert P. McCulloch, Pros. Atty., Margaret D. Landolt, Asst. Pros. Atty., St. Louis County, Clayton, for respondent.

AHRENS, Judge.

Defendants, Orville Burkemper, Bonnie Chapman, John Bequette, Laura Dunn, Diane Stone, Ann O'Brien, Richard Chrismer, Vincent Arentsen, Edwin Arentsen, and Carol Armstrong, appeal their convictions in a consolidated court-tried case finding each of them guilty of trespass in the first degree, a class B misdemeanor, in violation of § 569.-140 RSMo 1986 [1]. Without considering defendants' motions for new trial, the trial court sentenced defendants to pay a $500 fine and to serve 90 days imprisonment. We dismissed defendants' first appeal and remanded to the trial court for a ruling on the motions for new trial. *State v. Burkemper*, 853 S.W.2d 416 (Mo.App.1993). On remand, the trial court heard and denied defendants' motions for new trial and sentenced all of the defendants with the exception of Ann O'Brien to pay a fine of $500 and to serve 90 days imprisonment; Ann O'Brien was sentenced to pay a fine of $500 and to serve 120 days imprisonment. We affirm the judgment with respect to each defendant with the exception of Ann O'Brien. As to Ann O'Brien, we affirm the judgment of conviction, but reverse the judgment of sentence and remand to the trial court for resentencing consistent with this opinion.

Testimony at trial established that on March 4, 1991, Christine Erwin, an employee of the Women's Health Center in West County, observed a tan van pull up to the entrance of the building. As she watched, several individuals exited the van and made their way toward the building. Ms. Erwin moved back through the office just in time to see one of the male occupants of the van crawl through a window and into the waiting room. He then entered an area of the office not open to the general public and unlocked and opened a security door. Ms. Erwin and an-

---

**1.** All references to statutes are to RSMo 1986 unless otherwise stated.

other Women's Health Center employee unsuccessfully attempted to block the doorway to prevent other defendants from entering through the security door.

Ms. Erwin testified that she asked defendants several times to leave the premises. When her requests went unheeded, Ms. Erwin called the police. Two St. Louis County Police Officers, Jimmy McCormack and Carey Wisdom, responded to the call. When they arrived at the scene and found trespassers present, the officers contacted Lieutenant Norvil Benoist, the Watch Commander. Procedurally, upon notification that trespassers were at a clinic, it was the Watch Commander's responsibility to go to the scene and ask the trespassers to leave. On this occasion, when defendants failed to respond to Lieutenant Benoist's request, defendants were placed under arrest.

Defendants argue in their first point that the trial court erred in finding each defendant guilty because the State failed to prove beyond a reasonable doubt each and every element of the crime of trespass in the first degree against each defendant. When reviewing the sufficiency of the evidence in a case on appeal, we consider the facts and all reasonable inferences therefrom in the light most favorable to the verdict and reject all contrary evidence and inferences. *State v. Merrill*, 846 S.W.2d 225, 227 (Mo. App.1993). Our function is not to weigh the evidence, but only to determine whether there is sufficient evidence from which reasonable persons could find the defendant guilty. *Id.* at 229.

Defendants first argue that the State failed to prove that each defendant entered a building unlawfully as charged in the informations. The defendants were each charged with committing the class B misdemeanor of trespass in the first degree in violation of § 569.140. Section 569.140.1 provides as follows:

A person commits the crime of trespass in the first degree if he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure or upon real property.

Thus, the crime of trespass may be committed in one of two ways: (1) when a defendant knowingly enters a building, structure, or property unlawfully; or (2) when a defendant knowingly remains in a building or structure or upon real property unlawfully. Where a statute prohibits an offense that may be committed in different ways, the information must charge one or more of the different methods. *State v. Armstrong*, 863 S.W.2d 374, 377 (Mo.App.1993). Where the act constituting the crime is specified in the charge, the State is held to proof of that act; a defendant may be convicted only on that act. *Id.* Here, the defendants were only charged with knowingly entering unlawfully a building possessed by the Women's Health Center; the State must prove that act.

Section 569.010(8) states that a person enters unlawfully or remains unlawfully when he is not licensed or privileged to do so. This section further provides that "[a] license or privilege to enter or remain in a building which is only partly open to the public is not a license or privilege to enter or remain in that part of the building which is not open to the public." § 569.010(8).

The Women's Health Center is a private physician's office where gynecological and cosmetic surgery procedures are performed. The office is open to the public for a limited purpose: to treat patients who have appointments and to serve walk-in patients seeking pregnancy tests. The office contains a waiting room and a restricted area where patients are treated. The two areas are connected only by a reception window and a security door.

We have held that when a business holds a portion of its property open to the public, a person who enters an area open to the public at a reasonable time and in a reasonable manner, has the implied consent of the owner to enter the premises under a limited privilege. *St. Louis County v. Stone*, 776 S.W.2d 885, 888 (Mo.App.1989). Although the testimony is unclear as to when each of the defendants entered the waiting room, the testimony reveals that one of the defendants crawled through the reception window and opened the security door allowing each of the defendants to unlawfully en-

ter the restricted area. This portion of the property is not open to the public. The defendants did not have any implied consent or privilege to enter the restricted area. § 569.010(8). As such they unlawfully entered a building in violation of § 569.140.1.

In the alternative, defendants argue the State failed to prove that each of the defendants unlawfully remained on the property. Because we have determined that the State successfully proved that each of the defendants unlawfully entered the property, we do not need to address this argument.

■ Defendants additionally argue that the State failed to establish beyond a reasonable doubt that the defendants received notice of their trespass in a manner reasonably likely to come to the attention of intruders. The testimony revealed that signs stating that trespassers will be prosecuted were posted at each of the entrances to the parking lot and another sign containing an ordinance was posted on the doorway to the building. In addition, the defendants were personally notified that they were trespassing by Ms. Erwin and by Lieutenant Benoist. Defendants received reasonable notice of their trespass.

■ Next, defendants claim the State failed to accurately identify each of the defendants as having been unlawfully present on the property. Ms. Erwin testified that each of the defendants unlawfully entered the property on March 4, 1991. She also described photographs of the defendants sitting in the restricted portion of the Women's Health Center. These photographs were admitted as exhibits and could be reviewed by the judge. In addition, Officer McCormick, Officer Wisdom, and Lieutenant Benoist identified defendants. Defendants claim that Ms. Erwin was confused when she testified because she misnamed some of the defendants. It is not necessary for a witness to properly name a defendant; it is only necessary for a witness to reliably identify a defendant.

■ Finally, defendants claim that their sentences should be reduced consistent with a class C misdemeanor because the State misstated the charges in its opening statement. The purpose of the opening statement is to advise the court of the facts the State intends to prove and to inform the defendant of the planned course of prosecution in order to fairly enable the defendant to defend the charges brought against him. *State v. Bauers,* 702 S.W.2d 896, 899 (Mo. App.1985). An opening statement is sufficient when, taken with the reasonable inferences drawn therefrom, the defendant is apprised of the charges against him. *Id.* The defendants were apprised of the charges brought against them when they were charged by information with trespass in the first degree, a class B misdemeanor. There is no such crime as trespass in the first degree, a class C misdemeanor. It is not reasonable to infer that the charges were reduced to class C misdemeanors. Defendants were fairly able to defend the charges brought against them. Point denied.

In their second point, defendants argue the trial court erred in limiting their opportunity to cross-examine the prosecution's witness Ms. Erwin. They claim this deprived them of the right to test the credibility, accuracy, reliability, and the bias or prejudice of her testimony. The trial court has broad discretion over the extent and scope of cross-examination. *State v. Coats,* 835 S.W.2d 430, 433 (Mo.App.1992). This court will not interfere with the exercise of that discretion unless it is clearly abused. *Id.*

■ Defendants argue the trial court improperly denied cross-examination of Ms. Erwin regarding the number of times she had testified in court either in a civil suit against Dr. Escobedo, in a trespass case, or on behalf of Women's Health Center. A review of the record shows that defendants were permitted to ask Ms. Erwin on cross-examination whether she had testified in numerous trials involving trespassers on behalf of Dr. Escobedo and the Women's Health Center. The trial court only limited the cross-examination after repeated questioning. Defendants claim further questioning was necessary to test the accuracy and credibility of her testimony. However, defendants failed to show the trial court how prior testimony affected Ms. Erwin's credibility or demonstrated her bias. The trial court did not abuse its discre-

tion in limiting the cross-examination. Point denied.

Defendants claim in their third point that the trial court erred in denying each defendant individually the right to allocution prior to collectively sentencing and resentencing the defendants. Although the trial court granted defense counsel's request for allocution, it did not allow each defendant to approach the bench and state legal cause showing why judgment should not be pronounced against him or her. Instead, the trial court instructed the attorney to make allocution for each individual defendant. Defendants admit the allowance for allocution in a misdemeanor case is directory; they contend, however, that once the request is granted the court must follow the statutory procedure.

■ A defendant's right to allocution is codified in § 546.570. The procedures pertaining to a defendant's right to allocution are set forth in Rule 29.07(b)(1). When a defendant appears for judgment, he must be informed by the court of the verdict or finding, and asked whether he has any legal cause to show why judgment should not be pronounced against him; and if no sufficient cause is shown, the court must render the proper judgment and pronounce sentence. § 546.570; Rule 29.07(b)(1). However, these requirements are directory in all cases of misdemeanor and the failure to comply with them shall not invalidate the judgment or the sentence of the court. § 546.580; Rule 29.-07(b)(1). Since defendants were charged with violating a class B misdemeanor, compliance with the procedures pertaining to allocution was not required. Point denied.

■ Defendants argue in their fourth point that the trial court improperly sentenced defendant Ann O'Brien to an extra thirty days imprisonment upon resentencing. They claim the imposition of a harsher sentence without an explanation of the court's reasons violated defendant Ann O'Brien's due process. The State agrees.

The U.S. Supreme Court has held that "whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear." *North Carolina v. Pearce*, 395

U.S. 711, 726, 89 S.Ct. 2072, 2094, 23 L.Ed.2d 656, 670 (1969). The court must base its reasoning upon "objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." *Id.* The judge's reasoning and the factual information relied upon must be made part of the record to allow for constitutional review of the harsher sentence. *Id.* Because the record is void of any explanations and supporting factual information for the imposition of a harsher sentence, we remand this case in regard to defendant Ann O'Brien to the trial court for resentencing consistent with the principles set forth in *Pearce.*

■ In their fifth point, defendants claim the trial court erred in denying defendants' request for continuance and in excluding evidence justifying some or all of the defendants' presence on the property pursuant to § 563.026. This point contains two alleged errors by the trial court. These multiple claims should have been set out in different points. *Heins v. Murphy*, 610 S.W.2d 15, 18 (Mo.App.1980). In addition, the individual claims within this point fail to comply with Rule 84.04(d) which requires a point relied on to state "wherein and why" the actions of the trial court are claimed to be erroneous. *Thummel v. King*, 570 S.W.2d 679, 684–85 (Mo. banc 1978). Merely stating in a brief on appeal what the alleged errors of the trial court are, without stating why they are errors, does not satisfy Rule 84.04(d) and does not preserve any question for review. However, we will review *ex gratia* the argument portion of the brief to determine if there was plain error which would permit relief under Rule 84.13(c). *Brown v. Mercantile Bank of Poplar Bluff*, 820 S.W.2d 327, 335 (Mo.App. 1991). As such, the trial court will only be reversed if there is manifest injustice or a miscarriage of justice has occurred. Rule 84.13(c).

Defendants first claim the trial court erred in denying their request for a continuance. The trial court has broad discretion concerning the granting of continuances. *Coats*, 835 S.W.2d at 433. A review of the record shows that defendants were granted continuances on three occasions: April 25, 1991; June 26,

1991; and August 7, 1991. The trial court did not plainly err in denying defendants' October 10, 1991, request for a continuance nor their request for a continuance at trial.

Next, defendants claim the trial court erred in excluding evidence pertaining to a necessity defense pursuant to § 563.026. This section provides in part:

> [C]onduct which would otherwise constitute any crime other than a class A felony or murder is justifiable and not criminal when it is necessary as an emergency measure to avoid an imminent public or private injury which is about to occur by reason of a situation occasioned or developed through no fault of the actor, and which is of such gravity that, according to ordinary standards of intelligence and morality, the desirability of avoiding injury outweighs the desirability of avoiding the injury sought to be prevented by the statute defining the crime.

Defendants sought to enter evidence concerning the abortion procedures being performed at the Women's Health Center. In addition, defendants sought to enter evidence indicating that doctors working at the Women's Health Center had been charged with numerous complaints of medical incompetence. Defendants claim the trial court should have admitted this evidence because it justified their presence on the property on the date of the arrest. Defendants claim they were concerned for the health and safety of viable fetuses and women subjected to the high likelihood of incompetent medical treatment.

█ This court has held that the defense of necessity is limited to the following circumstances:

> (1) the defendant is faced with a clear and imminent danger, not one which is debatable or speculative; (2) the defendant can reasonably expect that his action will be effective as the direct cause of abating the danger; (3) there is no legal alternative which will be effective in abating the danger; and (4) the legislature has not acted to preclude the defense by a clear and

deliberate choice regarding the values at issue.

*State v. O'Brien,* 784 S.W.2d 187, 189–90 (Mo.App.1989). In addition, we held that the defense of necessity cannot be utilized as a defense to a charge of trespass where the defendant seeks to halt an abortion. *Id.* at 193. Defendants failed to show how the evidence they sought to introduce at trial fits into the limited circumstances in which the necessity defense may be used. The trial court did not plainly err in excluding the evidence.

█ Defendants sixth point relied on claims the right to allocution as provided by Rule 29.07 is unconstitutional when it violates a defendants' equal protection and due process as guaranteed by the 5th and 14th amendments of the United States Constitution. This issue was not raised at trial and appears for the first time in defendants' *reply* brief. Assignments of error raised for the first time in the reply brief do not present issues for review. *Application of Gilbert,* 563 S.W.2d 768, 771 (Mo. banc 1978).[2] Point denied.

The judgment of the trial court is affirmed with respect to each defendant with the exception of Ann O'Brien. As to Ann O'Brien, the judgment of conviction is affirmed, but the judgment of sentence is reversed and remanded to the trial court for resentencing consistent with this opinion.

GRIMM, P.J., and CARL R. GAERTNER, J., concur.

█

---

**2.** In addition, this point relied on fails to comply with Rule 84.04(d) in that it fails to state "wherein and why" the actions of the trial court are claimed to be erroneous. *Thummel v. King,* 570 S.W.2d 679, 684–85 (Mo. banc 1978).