STATE of Missouri, Respondent,

v.

Earl WILLIAMS, Appellant.

No. ED 92751.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 23, 2010.

Jessica Hathaway, Saint Louis, MO, for Appellant.

Chris Koster, Attorney General, Mary H. Moore, Assistant Attorney General, Jefferson City, MO, for Respondent.

## OPINION

GLENN A. NORTON, Presiding Judge.

Earl Williams appeals the judgment of the trial court convicting him of resisting a lawful detention. We affirm the judgment convicting Williams of resisting a lawful detention, but remand for correction of the judgment and resentencing within the proper range of punishment.

## I. BACKGROUND

On December 19, 2006, Jeffrey Nagy reported the details of a robbery to police, including a description of Williams and the license plate number of the black pickup truck Williams was driving. Within a few minutes of the reported robbery, Officer Douglas McPherson responded to a call regarding "suspicious occupants of a vehicle" in an underground parking garage.

When Officer McPherson arrived at the parking garage, he located a black pickup truck. Williams was sitting in the pickup truck with the door open. Williams exited the vehicle and Officer McPherson instructed him to take his hands out of his pockets and place them on the tailgate. Officer McPherson testified that he intended to detain Williams for the purpose of completing an investigation regarding the report of suspicious occupants of a vehicle. As Officer McPherson approached Williams to do a pat-down search, Williams pushed him, attempted to punch him and ran out of the garage. Officer McPherson pursued Williams on foot and successfully apprehended him.

Upon returning Williams to the garage, Officer McPherson received a call that the black pickup truck was involved in a robbery. Williams was arrested and charged with the felonies of robbery in the first degree (Count I) and armed criminal action (Count II), and the misdemeanor of resisting a lawful detention (Count III). Williams was tried without a jury and the court ultimately found Williams guilty on all three counts. The court, in written findings entered January 12, 2009, specifically distinguished felony resisting arrest from the misdemeanor of resisting a lawful detention and found Williams guilty of the misdemeanor. However, on the judgment and sentencing form entered March 6, 2009, Count III was incorrectly designated as "felony resisting arrest" and Williams was sentenced to three years imprisonment.[1] Williams appeals his conviction and sentence on Count III.

## II. DISCUSSION

### A. Sufficiency of the Evidence

■ Williams raises two points on appeal. In his first point on appeal, Williams argues that the trial court erred in overruling his motion for judgment of acquittal at the close of the evidence as to Count III because there was insufficient evidence to support the conviction on the charge of misdemeanor resisting a lawful detention. We disagree.

■ In reviewing a challenge to the sufficiency of the evidence, we must accept as true all of the evidence favorable to the verdict, including all reasonable inferences,

---

1. The three-year sentence for Count III was ordered to run concurrently with the sentences for Count I (ten years) and Count II (three years).

and must disregard all inferences contrary to the verdict. *State v. Freeman*, 269 S.W.3d 422, 425 (Mo. banc 2008). Our review is limited to determining whether the evidence is sufficient for the fact-finder to find each element beyond a reasonable doubt. *Id.*

Williams argues there was insufficient evidence to support his conviction on Count III because the evidence showed Officer McPherson detained Williams in order to investigate a report of a suspicious person, not to investigate a crime. The relevant portion of the statute provides:

> A person commits the crime of resisting or interfering with arrest, detention, or stop if, knowing that a law enforcement officer is making an arrest, or attempting to lawfully detain or stop an individual or vehicle, or the person reasonably should know that a law enforcement officer is making an arrest or attempting to lawfully detain or lawfully stop an individual or vehicle, for the purpose of preventing the officer from effecting the arrest, stop or detention, the person: (1) Resists the arrest, stop or detention of such person by using or threatening the use of violence or physical force or by fleeing from such officer....

Section 575.150.1 RSMo Supp.2006[2] (emphasis added).

■ The statute is not limited to detentions for criminal acts or ordinance violations as Williams asserts. The statute plainly states that it is unlawful to resist a stop or a detention, regardless of whether such detention is made "with or without warrants." Section 575.150.2. Moreover, the statute further states, "It is no defense to a prosecution pursuant to subsection 1 of this section that the law enforcement officer was acting unlawfully in making the arrest." Section 575.150.4. Thus, one

may not resist detention even in the face of an unlawful arrest. Accordingly, we find that the plain language of the statute prohibits resisting detention during an investigatory stop, regardless of whether or not the officer is investigating a particular crime, infraction or ordinance violation.

Based on the above, in prosecuting the charge of resisting a lawful detention, it was not necessary for the State to show that Williams was detained for any particular crime. Williams admits in his brief that Officer McPherson was responding to a call regarding suspicious occupants of a vehicle and also that it was Officer McPherson's intent to detain him and search for weapons. Williams resisted detention by pushing Officer McPherson and fleeing the scene. These facts are sufficient to support a conviction of resisting a lawful detention. Point one is denied.

**B. Judgment and Sentence**

■ Count III charged Williams with the class A misdemeanor of resisting a lawful detention under section 575.150.4.

The court issued a written order and judgment finding Williams guilty of the misdemeanor resisting a lawful detention, which is punishable by no more than one year in jail. Section 558.011.1(5) RSMo 2000. However, the judgment and sentencing form entered on March 6, 2009, incorrectly designated Count III as "felony resisting arrest," and Williams was sentenced to three years imprisonment. As the State concedes, the court erred in sentencing Williams to a term in excess of the maximum sentenced allowed. Point two is granted.

**III. CONCLUSION**

Williams's conviction on Count III, misdemeanor resisting a lawful detention, is

---

**2.** Unless otherwise indicated, all statutory references are to RSMo Supp.2006.

affirmed. The cause is remanded for correction of the judgment in accordance with the court's written findings, and for resentencing on Count III within the correct range of punishment.

MARY K. HOFF, J., concur.

LAWRENCE E. MOONEY, J., concur in result.