**STATE of Missouri, Respondent,**

v.

**Kenneth J. RICHIE, Appellant.**

**No. ED 96753.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 5, 2012.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 19, 2012.

Application for Transfer Denied
Sept. 25, 2012.

Margaret M. Johnston, Columbia, MO, for Appellant.

Christopher J. Finney, St. Louis, MO, for Respondent.

ROY L. RICHTER, Judge.

Kenneth J. Richie ("Defendant") appeals from the trial court's judgment, following a conviction by a jury, of the class B misdemeanor of first-degree trespass and the class A misdemeanor of resisting a lawful detention. On appeal, Defendant argues, *inter alia,* the trial court erred in overruling his motion for judgment of acquittal because the State of Missouri ("State") did not prove that Defendant "knowingly entered unlawfully" upon the premises of the parking garage that was unlocked and "open to the public." We reverse the trial court's judgment on this point.

## I. Background

Defendant was charged by the State with the class B misdemeanor of first-degree trespass, in violation of Section 569.140, RSMo 2000,[1] and the class A mis-

demeanor of resisting a lawful detention, in violation of Section 575.150, RSMo Cum. Supp.2009.[2] The State charged by information that on September 16, 2010, Defendant "knowingly entered unlawfully upon real property located at 707 Pine and owned by the City of St. Louis, which said real property was enclosed in a manner designed to exclude intruders." Further, the State alleged, "Gregory Frost, a law enforcement officer, was attempting to make a lawful detention of defendant and the defendant knew or reasonably should have known that the officer was making a lawful detention, and for the purpose of preventing the officer from effecting the detention, resisted the detention . . . by fleeing from the officer."

A jury trial was held on April 4 and April 5, 2011, during which the following evidence was adduced. David McCombs ("McCombs") testified that on September 16, 2010, he worked as an attendant at the parking garage located at 707 Pine Street from 3 p.m. to 11 p.m. At about 8 or 8:30 p.m., he heard the front door of the garage close, and when he looked up, he saw a pair of legs in blue colored pants sprinting up the steps. The front door entrance of the garage was not locked. The garage was designated as "open to the public" according to a sign posted outside. In the ten minutes following, McCombs said he did not see the individual he had seen run up the steps leave the garage, which he thought was unusual, so he called the police.

Officer Gregory Frost ("Officer Frost"), one of the officers who responded to McCombs's call, testified that when he arrived at the garage, McCombs told him "he saw a black male with dark clothing run up the steps" and "it seemed suspi-

---

1. All subsequent statutory citations are to RSMo 2000, unless otherwise indicated.

2. All subsequent citations to Section 575.150 are to RSMo Cum.Supp.2009.

cious to him that somebody would run up the steps." Officer Frost took the elevator to the eighth floor of the garage and rode his bike down the ramp until he spotted someone matching the description given by McCombs. Officer Frost asked Defendant what he was doing, grabbed his arm and escorted him to sit down in an area near the elevators. However, when Officer Frost started to speak to him, Defendant "took off" toward the staircase and went down a level. He was found about five minutes later hiding on the ground under a car and was arrested.

At the close of the State's evidence, Defendant filed a motion for judgment of acquittal, which was denied. His motion for judgment of acquittal at the close of all evidence was likewise denied. During the instruction conference, Defendant objected to jury instruction No. 6, the verdict director for the charge of resisting a lawful detention, which was based on MAI–CR 3d 329.61. Defendant argued the basis for the detention was a trespass first degree, but the trial court overruled the objection and gave the instruction as submitted by the State.

The jury found Defendant guilty of both counts. Defendant filed a motion for judgment of acquittal or a new trial, arguing there was insufficient evidence from which a reasonable juror could find that he committed both trespassing and resisting a lawful detention beyond a reasonable doubt. He also argued the court erred in overruling his objection to jury instruction No. 6. The trial court overruled Defendant's motion and sentenced Defendant as a prior offender to concurrent terms of six months for first-degree trespass and six months for resisting a lawful detention. This appeal follows.

## II. Discussion

Defendant raises three points on appeal. His first two points claim insufficiency of the evidence, while his third point claims instructional error. We will discuss each point in turn.

### Points I and II: Sufficiency of the Evidence Standard of Review

In determining whether the evidence is sufficient to support a conviction, this Court is limited to determining whether there was sufficient evidence from which a reasonable juror could have found the appellant guilty beyond a reasonable doubt. *State v. Caldwell*, 352 S.W.3d 378, 382 (Mo.App.W.D.2011). The Court must accept as true all evidence and inferences favorable to the State and disregard all evidence and inferences to the contrary. *Id.* The State, however, is held to proof of the elements of the offense it charged. *State v. Keeler*, 856 S.W.2d 928, 931 (Mo. App. S.D.1993).

### Evidence was insufficient to constitute a trespass as charged.

In his first point, Defendant argues the trial court erred in overruling his motion for judgment of acquittal at the close of all evidence and in imposing judgment and sentence against him for first-degree trespass, in violation of Section 569.140, and Defendant's rights to due process and to be tried only for the offense with which he is charged. Defendant argues the State did not prove that Defendant "knowingly entered unlawfully" upon the premises of the parking garage when he entered through the unlocked door of the garage that had a sign announcing the garage was "open to the public."

Where the act constituting the crime is specified in the charge and the verdict director, the State is held to proof of that act, and a defendant may be convicted only on that act. *State v. Jackson*, 896 S.W.2d 77, 82–83 (Mo.App. W.D.1995).

"Where a statute prohibits an offense that may be committed in different ways, the information must charge one or more of the different methods." *State v. Burkemper*, 882 S.W.2d 193, 196 (Mo.App. E.D. 1994). "Where the act constituting the crime is specified in the charge, the State is held to proof of that act; a defendant may be convicted only on that act." *Id.*

■ Defendant was charged with the class B misdemeanor of first-degree trespass, in violation of Section 569.140. Section 569.140.1 provides as follows:

A person commits the crime of trespass in the first degree if he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure or upon real property.

Thus, a trespass may be committed in one of two ways: (1) when a defendant knowingly enters a building, structure, or property unlawfully; or (2) when a defendant knowingly remains in a building or structure or upon real property unlawfully. *State v. Burkemper*, 882 S.W.2d 193, 196 (Mo.App. E.D.1994). A person "enters unlawfully" in or upon premises "when he is not licensed or privileged to do so." Section 569.010(8). "A person who, regardless of his purpose, enters upon premises which are at the time open to the public does so with license and privilege unless he defies a lawful order not to enter or remain, personally communicated to him by the owner of such premises or by other authorized person." *Id.*

Here, the State charged that Defendant "knowingly entered unlawfully upon real property located at 707 Pine and owned by the City of St. Louis, which said real property was enclosed in a manner designed to exclude intruders." Thus, the State must prove that act.

■ During trial, the evidence showed that Defendant entered a parking garage that was "open to the public." Upon entering, the evidence did not show that the parking attendant told Defendant he was not welcome to enter. Instead, the parking attendant merely testified that, to his knowledge, Defendant did not have a car in that parking garage. Neither the police officer nor the parking garage attendant testified that they investigated and knew whether Defendant had a parked car in the garage. No evidence was adduced that Defendant did not have a parking stub or car keys on his person. No evidence was adduced to indicate whether anyone asked Defendant what he was doing in the garage, or what his response to that question might have been. Yet, the evidence did not show that persons were prohibited from entering the garage without paying to park a vehicle." What is more, the evidence did not otherwise show that persons, including intruders, were not welcome in the garage.[3] The evidence showed that Defendant entered through an unlocked door used by the public, not the locked door used by monthly parking customers.

At the end of the trial, the jury was instructed that in order to find Defendant guilty of trespass, it had to find and believe from the evidence beyond a reasonable doubt that he knowingly entered unlawfully upon the real property located at 707 Pine Street, and that the real property was fenced or otherwise enclosed in a manner designed to exclude intruders.

■ The State argues on appeal that Defendant entered the parking garage with implied consent, and that implied consent was revoked when Defendant "engaged in conduct that was inconsistent

---

3. A sign noting "parking patrons only" would signal that the garage is not open to the general public, but is restricted to paying customers of the garage.

with the purposes of the business and his stay was prolonged." However, this argument does not follow the elements of the crime with which Defendant was charged and the elements as presented to the jury by instruction. Defendant was not charged with a trespass committed when the defendant "unlawfully remained" on the property. *Burkemper*, 882 S.W.2d at 196. The State failed to prove that Defendant "knowingly entered unlawfully" the parking garage, as Defendant was charged. The trial court erred in overruling Defendant's motion for judgment of acquittal at the close of all evidence. Defendant's first point is granted.

### Evidence was sufficient to prove resisting lawful detention.

■ Second, Defendant argues the trial court erred in overruling his motion for judgment of acquittal at the close of all evidence and in imposing sentence and judgment against him for resisting a lawful detention, because the court's ruling violated Section 575.150, and Defendant's right to due process. Defendant argues there was insufficient evidence to prove that Officer Frost had a reasonable suspicion that Defendant was engaged in criminal activity such that the officer had a lawful basis for detaining Defendant. Defendant contends the evidence that Defendant "ran into a parking garage and up the stairs and after a reasonable amount of time was not seen leaving with or in a vehicle" is insufficient to create the reasonable suspicion of criminal activity necessary for a lawful detention.

The relevant portion of Section 575.150 states:

A person commits the crime of resisting or interfering with arrest, detention, or stop if, knowing that a law enforcement officer is making an arrest, or attempting to lawfully detain or stop an individ-

ual or vehicle, or the person reasonably should know that a law enforcement officer is making an arrest or attempting to lawfully detain or lawfully stop an individual or vehicle, for the purpose of preventing the officer from effecting the arrest, stop or detention, the person: (1) Resists the arrest, stop or detention of such person by using or threatening the use of violence or physical force or by fleeing from such officer ...

The statute further states, "It is no defense to a prosecution pursuant to subsection 1 of this section that the law enforcement officer was acting unlawfully in making the arrest." Section 575.150.4; *State v. Williams*, 303 S.W.3d 634, 636 (Mo.App. E.D.2010).

Defendant claims that Officer Frost lacked reasonable suspicion necessary for a lawful detention, but this Court has held that it is not necessary for the State to prove that a defendant was being detained for any particular crime. *Id.* In *Williams*, an officer detained the defendant to investigate a report of a suspicious person rather than a crime. *Id.* The officer initially responded to a call regarding suspicious occupants of a vehicle in a parking garage. *Id.* at 635. When the officer approached Williams to detain him and complete his investigation, Williams fled. *Id.* This Court held that because Section 575.150 prohibits resisting detention during an investigatory stop, regardless of whether the officer is investigating a particular crime, the facts were sufficient to support a conviction of resisting a lawful detention. *Id.* at 636.

■ Here, Officer Frost, a uniformed police officer, escorted Defendant to the area of the garage near the elevators to complete his investigation regarding the suspicious activity in the garage. Specifically, the parking attendant became suspicious when he saw someone run up the

stairs, but then did not come back down in the same amount of time in which at least two other families entered and left the garage. Defendant reasonably should have known that a law enforcement officer was attempting to lawfully detain him when the officer grabbed Defendant's arm. Further, it is reasonable to infer, based on the circumstances, that Defendant in fact knew that this law enforcement officer was attempting to detain him. Defendant fled from the officer because of this knowledge. Thus, Defendant resisted the detention. Defendant had no right to resist. Accordingly, the evidence was sufficient to prove that Defendant violated Section 575.150.1 when he fled from Officer Frost.

The trial court did not err in denying Defendant's motion for judgment of acquittal on Count II, resisting a lawful detention. Defendant's second point is denied.

### Point III: Court did not err in issuing instruction for resisting lawful detention.

Lastly, Defendant alleges in his third point that the trial court erred in overruling his objection and instructing the jury on Count II with Instruction No. 6, the verdict-directing instruction for resisting a lawful detention,[4] in violation of MAI–CR 3d 329.61, Section 575.150, and Defendant's rights to due process, a fair trial, and a properly-instructed jury. Defendant alleges that paragraph Fourth is supposed to allege facts that, if true, would make the stop or detention lawful, but the facts alleged were "that the defendant ran into a parking garage and up the stairs and after a reasonable amount of time was not seen leaving with or in a vehicle," which are insufficient facts to support a lawful detention. Defendant argues the error is presumed prejudicial and adversely affected the jury's verdict as to both counts because the instruction implied that running into a garage and not leaving in a vehicle is equivalent to "trespassing," and that it was lawful for Officer Frost to detain Defendant for doing so.

### Standard of Review

An appellate court reviews a claim of instructional error *de novo*, evaluating whether the instruction was supported by the evidence and the law. *Powderly v. South County Anesthesia Assoc., Ltd.*, 245 S.W.3d 267, 276 (Mo.App. E.D. 2008). We review the evidence in the light most favorable to the party submitting the instruction. *Id.* To reverse on grounds of instructional error, the party challenging the instruction must show that the offending instruction misdirected, misled or confused the jury, and prejudice resulted.

---

4. Instruction No. 6 read:

 As to Count II, If you find and believe from the evidence beyond a reasonable doubt:
 First, that [ ] on or about September 16, 2010, in the City of St. Louis, State of Missouri, [Officer] Frost, was a law enforcement officer and
 Second, that [Officer] Frost was attempting to detain the defendant and,
 Third, the defendant knew or reasonably should have known that a law enforcement officer was attempting to detain defendant, and
 Fourth, that the basis for the detention was that the defendant ran into a parking garage and up the stairs and after a reason-able amount of time was not seen leaving with or in a vehicle, and
 Fifth, that the defendant knew or reasonably should have known the basis for the detention, and
 Sixth, for the purpose of preventing the law enforcement officer from making the detention, the defendant resisted by fleeing from the officer,
 Then you will find the defendant guilty under Count II of resisting a lawful detention.
 However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

*Dhyne v. State Farm Fire & Cas. Co.,* 188 S.W.3d 454, 458 (Mo. banc 2006). For prejudice to be found sufficient to reverse for instructional error, the error must have materially affected the merits and outcome of the case. *Rice v. Bol,* 116 S.W.3d 599, 606 (Mo.App. W.D.2003).

### Analysis

 "Whenever there is an MAI–CR instruction or verdict form applicable under the law and Notes On Use, the MAI–CR instruction or verdict form shall be given or used to the exclusion of any other instruction or verdict form." Rule 28.02(c). The Notes On Use that accompany the model jury instruction for resisting a lawful detention, MAI–CR 3d 329.61, states, "when using this instruction, the court determines the question of law as to whether the facts being submitted in paragraph Fourth constitute a lawful basis for the stop or detention." MAI–CR 3d 329.61, Notes On Use 2. The instruction at issue here described the suspicious activity that took place in the garage, which caused the garage attendant to call the police to investigate. We agree with the State here, that, if the instruction had simply stated the basis for the detention was "trespassing," as Defendant proposes, the State would have been making the determination as to the question of law rather than leaving that to the court. We find the State properly submitted facts that allowed the court to determine whether there was a lawful basis for the detention.

The trial court did not err in submitting Instruction No. 6 to the jury. Defendant's third point is denied.

### III. Conclusion

The judgment of the trial court is reversed on Count I for trespass. The judgment of the trial court is affirmed in all other respects.

CLIFFORD H. AHRENS, P.J., and GARY M. GAERTNER, JR., J., concur.