But one thing I want you guys to understand is the State is not saying that he had sexual intercourse like you and I think of where it's a complete act, and I am not going to get gross, but what I want to say is that under the law, sexual intercourse is penetration, however slight, of the female sex organ by the male sex organ. So if you are rubbing your penis around in the vagina, that's penetration however slight.[3 ] And in the instructions, it uses the word whether or not an emission results, whether or not there is ejaculation. Penetration, however slight, is sexual intercourse.
Following deliberation, the jury found Barbee guilty of first-degree statutory rape, two counts of first-degree statutory sodomy, and one count of first-degree child molestation as a lesser-included offense of first-degree statutory sodomy. The court then sentenced him, as a prior offender, to consecutive terms of twenty-five years, twenty years, twenty years, and ten years. Barbee appeals.
Standard of Review
"In reviewing a claim that there was not sufficient evidence to sustain a criminal conviction, [a reviewing c]ourt does not weigh the evidence but, rather, 'accept[s] as true all evidence tending to prove guilt together with all reasonable inferences that support the verdict, and ignore[s] all contrary evidence and inferences.' " State v. Claycomb , 470 S.W.3d 358, 362 (Mo. banc 2015) (quoting State v. Latall , 271 S.W.3d 561, 566 (Mo. banc 2008) ). We ask "only whether there was sufficient evidence from which the trier of fact reasonably could have found the defendant guilty." Id. (quoting Latall , 271 S.W.3d at 566 ).
Analysis
Barbee raises a single claim on appeal. He argues that the evidence was insufficient to establish "sexual intercourse," as is defined in § 566.010(4), and thus to support his conviction for statutory rape, because the evidence showed only that his penis touched Victim's sex organ but not that he penetrated her sex organ. We agree.
"A person commits the crime of statutory rape in the first degree if he has sexual intercourse with another person who is less than fourteen years old." § 566.032.1. "Sexual intercourse" is defined as "any penetration, however slight, of the female sex organ by the male sex organ, whether or not an emission results." § 566.010(4). "The female sexual organs include a woman's vulva and external genitals." State v. Dunn , 7 S.W.3d 427, 430 (Mo. App. W.D. 1999).
"Proof of penetration may be shown by direct or circumstantial evidence," and "slight proof of penetration is sufficient." State v. Hill , 808 S.W.2d 882, 890 (Mo. App. E.D. 1991). But mere "touching does not suffice; there must be 'penetration, however slight.' " State v. Sanders , 481 S.W.3d 907, 913 (Mo. App. E.D. 2016).
Here, the evidence as reflected in both Victim's and Barbee's statements demonstrates that Barbee's penis "touched" Victim's *32 genitals.[4] But there was no evidence that Barbee's penis touched Victim's genitals in any way beyond mere surface contact.
The State argues, however, that there is a reasonable inference of penetration based upon evidence that Barbee's penis touched Victim's "vagina." The State argues that, anatomically speaking, because the vagina is located within the external genitals, Barbee's penis could not have come in contact with Victim's vagina without having first penetrated the external genitals, which would be sufficient evidence of "sexual intercourse." The problem with the State's argument, however, is that the record does not reflect that anyone was using the term "vagina" in a purely anatomical sense. On the contrary, the record indicates that, when used, the term "vagina" was meant to refer to the entirety of the female sex organ:
Q. And when you say "mine in his mouth," what are you talking about?
A. My private part.
Q. If I tell you my word for that is vagina, do you know what I am talking about?
A. Um-hum.
Q. Is the private part of yours that he put in his mouth, is that the part that you use to go pee?
A. Yes.
Q. And did the defendant do anything else?
A. He put his-he touched his private part with mine.
Q. What did he touch his private part to your what?
A. Mine, meaning my private part.
Q. And is that still the part we were just talking about that you use to go pee?
A. Yes.
In addition, in his statement to investigators, Barbee stated that the Victim put his penis between her legs. Based on this evidence, we cannot conclude that the State's inference is a reasonable one.[5]
Though we are to accept all reasonable inferences in support of the verdict in analyzing a challenge to the sufficiency of the evidence, we may not rely on "unreasonable, speculative, or forced inferences." State v. Ajak , 543 S.W.3d 43, 46 (Mo. banc 2018) (quoting State v. Lammers , 479 S.W.3d 624, 632 (Mo. banc 2016) ). And, here, there was simply a dearth of both facts and reasonable inferences to support a determination that penetration occurred.
Perhaps recognizing its uphill battle, the State argues in the alternative that, should we find the evidence insufficient, we may nevertheless enter a conviction for the lesser-included offense of attempted statutory rape. Again, however, we disagree.
"[When] a conviction of a greater offense has been overturned for insufficiency of the evidence, the reviewing court may enter a conviction for a lesser offense if the evidence was sufficient for the jury to find each of the elements and the jury was required to find those elements...." State v. Payne , 250 S.W.3d 815, 821 (Mo. App. W.D. 2008) (quoting State v. O'Brien , 857 S.W.2d 212, 220 (Mo. banc 1993) ) (emphasis *33 added). Thus, to enter a conviction for a lesser-included offense upon finding the evidence insufficient to support the greater offense, we employ a three-part test: (1) the proposed offense must, in fact, be a lesser-included of the vacated offense; (2) the evidence must support all of the elements of the lesser-included offense; and (3) the jury must have found each of the elements of the lesser-included offense.
Here, the State is correct that attempted first-degree statutory rape is a lesser-included offense of first-degree statutory rape. State v. Blair , 443 S.W.3d 677, 685 (Mo. App. W.D. 2014) ("An attempt is a lesser included offense of the completed offense." (quoting State v. Davies , 330 S.W.3d 775, 787 (Mo. App. W.D. 2010) )). But the second and third prongs of the test are not satisfied on the record presented.
"Attempted statutory rape in the first degree occurs where a subject, with the purpose of committing the [completed] offense, takes a substantial step towards having 'sexual intercourse with another person who is less than fourteen years old.' " State v. Smith , 330 S.W.3d 548, 555 (Mo. App. S.D. 2010) (quoting § 566.032.1 and citing § 564.011.1). Here, it is unclear from the evidence what Barbee's purpose was in causing contact between his penis and Victim's genitals. In other words, he may have accomplished all the contact he sought at the time or he may have meant to do more but did not do so for unknown reasons. But even if we can reasonably infer that his purpose was to engage in sexual intercourse, the problem remains that the jury was never tasked with making such a finding. To convict a defendant of attempt, the jury must find that his conduct constituted a "substantial step" toward completion of the underlying crime. See Blair , 443 S.W.3d at 685. Because the jury was never tasked with making such a determination, we cannot enter a conviction for attempted first-degree statutory rape.
That being said, we may enter a conviction for first-degree child molestation.[6] "A person commits the crime of child molestation in the first degree if he or she subjects another person who is less than fourteen years of age to sexual contact." § 566.067.1. "Sexual contact" means "any touching of another person with the genitals or any touching of the genitals ... of another person ... for the purpose of arousing or gratifying sexual desire of any person." § 566.010(3). "A person cannot engage in 'sexual intercourse' ... with another person without one of those persons engaging in 'sexual contact' because the former act[ ] involve[s] the 'touching of another person with the genitals' and 'touching of the genitals ... of another person....' " State v. Miller , 372 S.W.3d 455, 470 (Mo. banc 2012) (quoting § 566.010(3)). Accordingly, first-degree child molestation is a lesser-included offense of first-degree statutory rape.[7]
The evidence here plainly satisfies the elements of first-degree child molestation insofar as Barbee subjected Victim, a person less than fourteen years of age, to sexual contact by touching his penis to her genitals. The evidence fully supports that his purpose in doing so was to "arous[e] or *34 gratify[ ] the sexual desire of any person." He had advised Victim that he wanted her to join his "circle of sex" and he specifically asked her, "how do you feel?" while engaging in sexual acts with Victim. Furthermore, the jury specifically found that Barbee had such a purpose when it convicted him of two counts of first-degree statutory sodomy and one count of first-degree child molestation for incidents which occurred at the same time, or very close in time, to the statutory rape offense that we are reversing. See Smith , 330 S.W.3d at 556 (noting that, in that case, "all elements of the lesser offense, attempted statutory rape in the second degree, were explicitly found by the jury in finding Appellant guilty of Count I, enticement of a child, when coupled with their determination of guilt as to Count II, attempted statutory rape in the first degree."). The sodomy verdict-directors here required the jury to find that Barbee engaged in "deviate sexual intercourse," which includes a finding that he engaged in the conduct "for the purpose of arousing or gratifying the sexual desire of any person." § 566.010(1). And it also found him guilty of first-degree child molestation as a lesser-included of the third sodomy charge, which included its determination that he engaged in the conduct "for the purpose of arousing or gratifying sexual desire of any person." § 566.010(3). Hence, all three prongs of the test identified in Payne are satisfied with respect to first-degree child molestation and we may direct the trial court to enter a conviction on this lesser-included offense.
Conclusion
The evidence was insufficient to support Barbee's conviction of first-degree statutory rape. As such, the court's judgment with respect to that conviction and sentence must be reversed. The case is remanded, however, with directions that the trial court vacate the conviction and sentence for first-degree statutory rape, enter a conviction for first-degree child molestation, and resentence Barbee accordingly.
Victor C. Howard and Lisa White Hardwick, Judges, concur.

There was no evidence that Barbee "rubbed" his penis around Victim's vagina. Barbee did not, however, object to the prosecutor's argument and he raises no claim of error in this regard on appeal.

Throughout the record, Victim's genitals were variously described as a "no-no spot," "the part that you use to go pee," "vagina," the area "between her legs," and "private part."

By this opinion, we do not mean to suggest that the State's argument could never succeed, as we can envision a scenario where the record might support an anatomical understanding of the term "vagina" such that evidence that a defendant's penis "touched" a victim's vagina could support a finding of penetration. Here, however, the record simply does not support this inference.

At trial, Barbee submitted a lesser-included offense verdict-director for first-degree child molestation for the express purpose of giving the jury an alternative if it rejected the State's argument that there was penetration.

We recognize that the Southern District of this court held to the contrary in State v. Cowles , 203 S.W.3d 303, 307-08 (Mo. App. S.D. 2006). But the court's rationale was based on its determination that "sexual contact" required proof of an additional mental element not needed for "sexual intercourse." Id. at 308. We believe that Cowles is no longer good law in light of the holding in Miller that one necessarily engages in "sexual contact" when one engages in "sexual intercourse." In any event, it is difficult to imagine more direct evidence of one's purpose "to gratify[ ] the sexual desire of any person" than evidence that the person engaged in actual sexual intercourse.