In the
 Missouri Court of Appeals
 Western District

 
 STATE OF MISSOURI, 
 
 Respondent,  WD84269
 v.  OPINION FILED:
 
 BRENDA F. MORRIS,  FEBRUARY 22, 2022
 
 Appellant. 
 
 

 Appeal from the Circuit Court of Callaway County, Missouri
 The Honorable Carol Ann England, Judge

 Before Division Three: Anthony Rex Gabbert, Presiding Judge, Lisa White Hardwick,
 Judge, Thomas N. Chapman, Judge

 Brenda Morris appeals her conviction after bench trial in the Callaway County Circuit

Court. She was convicted of one count of harassment in the second degree, section 565.091 1, and

of three counts of trespass in the first degree, section 569.140. Morris was sentenced to a total of

twenty days in the county jail and the court suspended the execution of the sentences. Morris

claims in three points on appeal that insufficient evidence was presented to support the convictions.

The judgment is affirmed in part, reversed in part, and remanded.

 1
 All statutory references are to RSMo 2016 as supplemented through the dates of the offenses in December
2019 and January 2020 unless otherwise indicated.
 Facts

 On December 14, 2016, Deborah Young moved into a home in Fulton, Missouri. One of

her neighbors is Brenda Morris. The two homes are separated by an easement that is

approximately 10-12 feet wide. The easement is a shared driveway that leads to the individual

driveways for the two homes.

 The relationship between Young and Morris regarding the easement was contentious.

Young eventually contacted law enforcement and asked for a trespass warning to be issued against

Morris because Morris was damaging Young’s property. The first trespass warning was requested

in January or February 2018 and was renewed in February 2019.

 On December 1, 2019, Young saw Morris drive her car into a wooden box planter that was

on Young’s property. Young contacted law enforcement, and they helped her set up a trail camera

to monitor barriers Young had set up on her property. The barriers were initially landscaping

timbers, but Morris drove over them several times and destroyed them. Young next used planters

as a barrier. Young saw Morris destroy the plants and planter with her vehicle. Young next used

a brick culvert apparatus. As of the dates at issue in this case, Young was using stacked fence posts

as a barrier to block access to her property.

 A detective from the Fulton Police Department downloaded the pictures from the trail

camera and examined over 750 pictures. A series of pictures taken within a few minutes of each

other on December 20, 2019 depict the following events: (1) the presence of the wood barrier on

Young’s property; (2) Morris walking on the shared easement toward Young’s property; (3) a piece

of wood missing from the wood barrier. The piece of wood had been entirely on Young’s property

and was not on the shared easement. A series of pictures taken on December 22, 2019 depict the

following events that occurred within one minute of each other: (1) Morris walking toward

 2
Young’s property; (2) a piece of wood is missing from Young’s barrier. The police detective

believed the pictures showed Morris taking the wood to her property.

 Morris was charged with the class A misdemeanor of harassment in the second degree,

section 565.091, four counts of the class B misdemeanor of trespass in the first degree, section

569.140, and one count of the class D misdemeanor of stealing. The case proceeded to a bench

trial. Young, Morris, and the police detective testified. Morris claimed that Young placed barriers

beyond her property line and out onto the easement.

 The State dismissed one count of trespass in the first degree. The court found Morris not

guilty of stealing. Morris was found guilty of harassment in the second degree and three counts

of trespass in the first degree. Morris was sentenced to twenty days in the county jail with

execution of sentence suspended. Morris was placed on probation for two years. This appeal

follows.

 Standard of Review

 “When reviewing the sufficiency of the evidence, the standard of review on appeal from

a bench-tried case is the same as the standard used on appeal of a case tried to a jury.” State v.

Glaze, 611 S.W.3d 789, 794 (Mo. App. W.D. 2020) (internal quotation marks omitted). “In

reviewing the sufficiency of the evidence, we do not reweigh the evidence, and the test is not

whether we believe the evidence established the defendant’s guilt beyond a reasonable doubt.” Id.

“Instead, we view the evidence in the light most favorable to the verdict, disregarding all contrary

evidence and reasonable inferences, in order to determine whether any rational fact-finder could

have found the essential elements of the crime beyond a reasonable doubt.” Id. (internal quotation

marks omitted).

 3
 Point I

 In her first point on appeal, Morris claims the trial court erred in entering judgment and

sentence for Count I, harassment in the second degree. Morris states that there was insufficient

evidence presented to show that she acted with the purpose to cause emotional distress to Young.

 Section 565.091.1 states, “A person commits the offense of harassment in the second

degree if he or she, without good cause, engages in any act with the purpose to cause emotional

distress to another person.” “The offense, therefore, contains the following elements: 1) to engage

in any act, 2) with the purpose to cause emotional distress to another person, 3) without good

cause.” R.M. v. Juv. Officer, 625 S.W.3d 779, 783 (Mo. App. W.D. 2021). Section 565.002(7)

defines “emotional distress” as, “something markedly greater than the level of uneasiness,

nervousness, unhappiness, or the like which are commonly experienced in day-to-day living.”

“[T]hat emotional distress must be considerable or substantial to a reasonable person.” R.M., 625

S.W.3d at 783. “[T]he Missouri Supreme Court held that due to constitutional considerations a

predecessor statute would be interpreted to apply only to acts ‘that cause immediate substantial ...

emotional distress,’ meaning ‘the sort of acts that inherently tend to inflict injury or provoke

violence.’” Id. (quoting State v. Vaughn, 366 S.W.3d 513 (Mo. banc 2012)) (emphasis in original).

 In R.M., 625 S.W.3d at 783, a fifteen year-old confined in a juvenile detention facility made

a sexually explicit comment to a detention aide. “The comment was made after the juvenile

refused to comply with orders and was being physically removed from a staircase and made along

with a number of other comments showing the teenager’s disrespect for the aide.” Id. This court

found that the juvenile “was ‘acting out’ in a way that communicated his disrespect for the aide

but did not demonstrate the purpose to cause emotional distress to her.” Id. It reversed the

judgment. Id.

 4
 In the current case, Young testified about her extensive history with Morris. She testified

she encountered Morris in December 2016 the week before she closed the purchase of her home

and that encounter was not pleasant. Morris damaged Young’s vehicle and was “verbally

extremely offensive and aggressive” toward Young. Since then, the relationship between the two

women has “become increasingly uncomfortable” and Morris “has stepped up her level of

aggression.” After attempting to resolve the situation herself, Young asked law enforcement for

assistance. She requested a “no trespass warrant” and asked for it to be renewed multiple times.

 Young initially used landscape barriers as a barrier. She saw Morris “run her car up on

them and rev her -- rev her engine and just -- her tires, her wheels, just spin on them until she had

chewed them up.” Young next used planters as a barrier. Young testified about an incident in

December 2019 when Morris ran her car straight into a planter in Young’s backyard. Young was

standing in her backyard at the time. The planter box and plant were destroyed.

 After that incident, Young asked law enforcement to help her set up a trail camera. They

did so. Even after the camera was set up, Morris’s aggressive behaviors continued. Young next

used large brick culvert-type things as a barrier. At the time of trial, she was using stacked fence

posts. Young testified that “repetitive harassment and messing” continued. She stated, “When I

would return from work there was a continual disturbance to the barriers that I had set up at the

end of my driveway. They were constantly knocked over. They were knocked over out into the

easement area.” Young testified she wants her home to be attractive and in compliance with county

and city ordinances. She would like to put up a nice wooden fence but has not because of the

“consistent and continual property damage” done by Morris.

 Young testified about the emotional distress these events caused her. She was afraid her

children would react in a brash way because they were protective of her. Young is frequently gone

 5
for days at a time because of her work as a flight attendant. Young has to make arrangements for

people to check on her property while she is gone because she never knows what state her property

will be in when she returns home. Young stated she experiences worry and concern when she is

away from home.

 Morris argues that taking wood from a barrier, the basis for Count I, does not rise to the

level of actions which would cause a reasonable person emotional distress. We disagree. Morris

was charged with taking wood from the barrier on or between December 1, 2019 and January 8,

2020. Thus, it occurred three years after Young purchased her property. In the light most favorable

to the verdict, it occurred as part of a years-long campaign by Morris to destroy Young’s property

and disrupt barriers Young built. During those years, Morris repeatedly damaged barriers on

Young’s property. Morris did so in front of Young. She did so when Young was not home. She

did so despite Young going to law enforcement about Morris’s actions. Sufficient evidence was

presented that Morris acted with the purpose to cause Young emotional distress when she removed

wood from Young’s barrier as charged in Count I.

 The point is denied.

 Point II

 In her second point on appeal, Morris claims the trial court erred in entering judgment and

sentence for Counts II-IV, trespass in the first degree. Morris states that there was insufficient

evidence presented to show that she received actual notice of trespass from Young.

 Section 569.140 states in relevant part:

 1. A person commits the offense of trespass in the first degree if he or she knowingly
 enters unlawfully or knowingly remains unlawfully in a building or inhabitable
 structure or upon real property.

 6
 2. A person does not commit the offense of trespass in the first degree by entering
 or remaining upon real property unless the real property is fenced or otherwise
 enclosed in a manner designed to exclude intruders or as to which notice against
 trespass is given by:
 (1) Actual communication to the actor; or
 (2) Posting in a manner reasonably likely to come to the attention of intruders.

 3. The offense of trespass in the first degree is a class B misdemeanor….

In the current case, the first amended information stated that Morris “knowingly entered

unlawfully upon real property located at [Young’s address] and owned by Debra Young, notice

against trespass upon said real estate having been given by actual communication to defendant.”

Morris argues that insufficient evidence was presented that she was given actual notice not to

trespass. We agree. Young testified that she tried to resolve the situation with Morris “in a

neighborly fashion” and then asked police for help with the trespass situation. While Young,

Morris, and a law enforcement officer all testified at trial, no party testified that Morris was given

actual notice of any kind to stay off of Young’s property. It seems unlikely that law enforcement

would put up a camera and go through hundreds of pictures without giving Morris actual notice.

It also seems unlikely that Young would resort to going to law enforcement2 and putting up a

variety of barriers without giving Morris actual notice. Those assumptions, however, are not

sufficient evidence to support a conviction.

 The State of Missouri agrees in its brief that there is not direct evidence that Morris was

given actual notice not to trespass. It argues, however, that sufficient evidence was presented that

Young’s property “is fenced or otherwise enclosed in a manner designed to exclude intruders” as

 2
 Moreover, Young testified that she did not object at first to Morris pulling up onto Young’s driveway while
backing into Morris’s driveway. She objected after Morris took gravel from Young’s driveway to fill potholes in the
easement. That is when she constructed the barriers. Young further testified that she expected Morris’s behavior to
stop once the camera was placed but it did not and “maybe she was not aware of it.”

 7
set forth in section 569.140.2. It argues that the barriers Young constructed sufficed as an

enclosure.

 “Rule 23.01 requires the charging document to, among other things, ‘[s]tate plainly,

concisely, and definitely the essential facts constituting the elements of the offense charged[.]’”

Glass v. State, 419 S.W.3d 862, 865 (Mo. App. S.D. 2013) (quoting Rule 23.01(b)(2)). “Where a

statute prohibits an offense that may be committed in different ways, the information must charge

one or more of the different methods.” State v. Burkemper, 882 S.W.2d 193, 196 (Mo. App. E.D.

1994). “Where the act constituting the crime is specified in the charge, the State is held to proof

of that act; a defendant may be convicted only on that act.” Id. (“Here, the defendants were only

charged with knowingly entering unlawfully a building possessed by the Women’s Health Center;

the State must prove that act.”); see also State v. Richie, 376 S.W.3d 58, 61–62 (Mo. App. E.D.

2012) (argument that defendant trespassed when he unlawfully remained on property did not

follow the charging document alleging that defendant unlawfully entered the property and did not

follow the elements framed in the jury instructions). In this case, Morris was charged with trespass

after actual notice. The State of Missouri did not amend this allegation, either with an amended

information or with an argument at trial, to be an allegation that Morris committed trespass by

coming onto property enclosed in a manner to exclude intruders. See State v. Caldwell, 352 S.W.3d

378, 382 (Mo. App. W.D. 2011) (“By charging Caldwell with knowingly remaining on address-

identified real property possessed by the University, after notice against trespass by actual

communication, the State assumed the burden of proving those facts.”). It cannot now argue on

appeal that a different statutory method of committing trespass in the first degree is supported by

sufficient evidence.

 8
 With respect to insufficient evidence to support the three convictions for trespass in the

first degree, the State of Missouri asks this court to enter judgment for trespass in the second degree

in their place. “[When] a conviction of a greater offense has been overturned for insufficiency of

the evidence, the reviewing court may enter a conviction for a lesser offense if the evidence was

sufficient for the [factfinder] to find each of the elements and the [factfinder] was required to find

those elements....” State v. Barbee, 568 S.W.3d 28, 32 (Mo. App. W.D. 2018) (internal quotation

marks omitted).

 Section 569.150 states:

 1. A person commits trespass in the second degree if he or she enters unlawfully
 upon real property of another. This is an offense of absolute liability.

 2. Trespass in the second degree is an infraction.

In finding Morris guilty of trespass in the first degree, the court had to have also found the elements

of trespass in the second degree. The case is remanded with directions that the trial court vacate

the convictions and sentences for trespass in the first degree, enter convictions for trespass in the

second degree, and resentence Morris accordingly.

 The point is granted.

 Point III

 In her third point on appeal, Morris claims the trial court erred in entering judgment and

sentence for Counts II-IV, trespass in the first degree. Morris states that there was insufficient

evidence presented to show that she unlawfully entered onto real property owned by Young. Given

our disposition of Count II, we need not consider whether sufficient evidence was presented that

Morris entered onto property owned by Young with respect to trespass in the first degree.

 9
However, unlawfully entering onto the property of another is also an element of trespass in the

second degree as discussed in Point II. For that reason, this court will briefly address the issue.

 Morris focuses on the law enforcement detective’s testimony that the pictures did not

clearly show whether Young’s barriers were on her property or on the easement. However, given

our standard of review, sufficient evidence was presented that Morris disturbed the barriers while

they were on Young’s property. Young testified that she went to the courthouse and city office and

investigated the property lines and easement. She obtained a plat and a description of the involved

area. She used a tape measure to ascertain the boundaries from the documents she received from

the city. Young stated, “I draw a clear distinction between my driveway, which is on my property,

and the easement which is used by many people.”

 The law enforcement detective obtained a map from the City of Fulton. The detective

marked on a map where Young’s property was located. The detective testified that when law

enforcement set up the trail camera, the barrier was on Young’s property. The detective determined

the barriers Young erected were on Young’s property. The detective testified that the pictures

depict Morris standing on the easement and taking wood from the barrier that was on Young’s

property. Finally, Morris testified that if Young believed her wire fence was on the property line,

“then that’s fine.” This is sufficient evidence.

 The point is denied.

 Conclusion

 The judgment is affirmed with respect to the conviction for harassment in the second

degree. The case is remanded with directions that the trial court vacate the convictions and

sentences for trespass in the first degree, enter convictions for trespass in the second degree, and

resentence Morris accordingly.

 10
 Anthony Rex Gabbert, Judge

All concur.

 11