**Rodney BRADLEY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 91840.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 1, 2009.

Scott Thompson, District Defender, Saint Louis, MO, for Appellant.

Chris Koster, Attorney General, Shaun J. Mackelprang, Assistant Attorney General, Jefferson City, MO, for Respondent.

## OPINION

GLENN A. NORTON, Presiding Judge.

Rodney Bradley appeals the judgment denying his Rule 29.15[1] motion for post-conviction relief following an evidentiary hearing. We affirm.

## I. BACKGROUND

Bradley was charged with second degree assault of a law enforcement officer, and was convicted following a jury trial. The evidence viewed in the light most favorable to the verdict is as follows.

In March 2003, Officer Gary Wuest of the St. Louis County Police Department was part of a team of officers who were engaged in undercover "street level narcotics purchasing." Officer Wuest approached Bradley in an attempt to purchase drugs. After Bradley became suspicious that Wuest might be a police officer, Bradley reached towards the gun on Wuest's waist. Bradley and Officer Wuest then struggled for possession of Wuest's gun. During the struggle, Officer Wuest informed Bradley that he was a police officer and instructed him to let go of the gun.

There was conflicting testimony at trial regarding the events surrounding Bradley and Officer Wuest's struggle. Officer Wuest testified that Bradley reached for the gun, which prompted the officer to hold Bradley's hand in order to keep him from drawing the gun. Officer Wuest also testified that Bradley punched him in the shoulder a couple of times before other police officers arrived at the scene. However, Bradley testified that he only grabbed Officer Wuest's arm to keep Wuest from drawing the gun.

During closing argument, the prosecutor stated the following:

> If it didn't work out well for Gary Wuest, this would be a murder case and [Bradley] would have been arrested right there at the scene and we would be—you would be sitting here deliberat-

---

1. All references to Rules are to Missouri Supreme Court Rules (2009).

ing whether he's guilty of first degree murder, second degree murder, whatever.

. . .

[Bradley] lied to you because he's hoping, hoping that you will believe him. Doesn't matter it's not true, but if you believe him, not guilty. He goes out that door. Not guilty. He goes out that door. What the heck, it's going to happen the next time. What message does that send? Find him guilty.

The prosecutor also stated in closing argument that:

These things are inherently dangerous. These undercover investigations that are necessary to rid our neighborhoods of street-level drug dealers. They ruin your neighborhood.

You have got guys standing on the street corner in front of your house, and you have to move and you want to sell your house. Do you think you are ever going to sell that house?

Think about your kids. This is a huge problem in some areas. And the police have to do their job. They have to investigate these drug deals, these open-air narcotic drug deals, and take those people—hold them responsible for their conduct.

Bradley's trial counsel ("Counsel") made no objection to either of the above portions of the State's closing argument.

After the jury found Bradley guilty of second degree assault of a law enforcement officer, the trial court sentenced Bradley, a prior and persistent offender, to a prison term of twenty years. Thereafter, Bradley appealed his conviction, which was affirmed by this Court in *State v. Bradley*, 171 S.W.3d 802 (Mo.App. E.D. 2005).

Subsequently, Bradley filed a Rule 29.15 motion for post-conviction relief. In his motion, Bradley argued that Counsel was ineffective for failing to object to the portions of the State's closing argument set out above and for failing to advise him of the range of punishment he faced as a prior and persistent offender.

The motion court held an evidentiary hearing on Bradley's motion for post-conviction relief. Counsel and Bradley both testified at the hearing. When asked why she did not object to portions of the State's closing argument, Counsel stated:

[D]uring the course of closing arguments, you have to make a split-second decision basically as to whether or not you should object and draw the jury's attention to a comment that may have been made by the State.

In light of the evidence and in light of the closing argument as a whole, and in this particular case I believe[d] that it would be detrimental to Mr. Bradley for me to object and draw attention to those particular arguments, especially if I were overruled in that particular objection.

Counsel also testified that she had many talks with Bradley during which they discussed the increased range of punishment Bradley would face as a prior and persistent offender along with the possibility of negotiating a plea bargain. She testified that Bradley insisted on maintaining his innocence and that he would not accept any plea bargain.

Bradley testified at the evidentiary hearing that he was never told that he could face up to thirty years of imprisonment as a prior and persistent offender. He also stated that he would have taken a plea bargain if he had known the full range of punishment for the offense.

Following the hearing, the motion court denied Bradley's Rule 29.15 motion for post-conviction relief. In its findings of

fact and conclusions of law, the court found that Counsel's failure to object to portions of the State's closing argument was reasonable trial strategy. With respect to Bradley's claim that Counsel failed to advise him of the range of punishment for his offense, the motion court found that Counsel's testimony on this issue was credible while Bradley's testimony was not credible. Bradley appeals.

## II. DISCUSSION

### A. Standard of Review

We review the denial of a Rule 29.15 motion only to determine if the findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k); *Zink v. State*, 278 S.W.3d 170, 175 (Mo. banc 2009). "Findings and conclusions are clearly erroneous if, after reviewing the entire record, we are left with the definite and firm impression that a mistake has been made." *Smith v. State*, 276 S.W.3d 314, 316 (Mo. App. E.D.2008).

### B. The Motion Court did not Clearly Err in Denying Bradley's Rule 29.15 Motion for Post–Conviction Relief

Bradley raises two points on appeal. In both of those points, Bradley asserts that he was denied his right to effective assistance of counsel.

Courts apply the two-prong *Strickland* test in cases seeking post-conviction relief for ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Zink*, 278 S.W.3d at 175–76. In order to be entitled to post-conviction relief for ineffective assistance of counsel, Bradley must demonstrate that: (1) Counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney; and (2) as a result, Bradley was prejudiced. *Zink*, 278 S.W.3d

at 175. Bradley must overcome a strong presumption that Counsel's performance was reasonable and effective in order to meet the first prong of the test. *Id.* at 176. To satisfy the second prong, Bradley must show there is a reasonable probability that, but for Counsel's errors, the outcome of the proceedings would have been different. *Id.* Bradley must prove his claims for relief by a preponderance of the evidence. *Id.* at 175; *see also* Rule 29.15(i).

### 1. Bradley's Claim that Counsel was Ineffective for Failing to Object to Portions of the State's Closing Arguments

In his first point on appeal, Bradley claims that Counsel was ineffective for failing to object to two portions of the State's closing arguments. Bradley asserts that Counsel should have objected to the portion of the prosecutor's argument suggesting that Bradley would commit murder in the future if he was not found guilty because the argument improperly warned that Bradley had a propensity to commit future crimes if he was acquitted. Bradley also argues that Counsel should have objected to the portion of the prosecutor's argument suggesting personal danger to the jurors and their families because the argument improperly personalized the case to the jury. Bradley claims Counsel failed to conform to the degree of skill, care and diligence of a reasonably competent attorney by failing to object to either portion of the State's closing argument. He also claims that the prosecutor's arguments inflamed the passions of the jurors, resulting in prejudice. We disagree.

Ineffective assistance of counsel is rarely found in cases where trial counsel has failed to object. *Williams v. State*, 205 S.W.3d 300, 305 (Mo.App. W.D.2006). If trial counsel's failure to object is based on reasonable trial strategy, the movant cannot demonstrate counsel was ineffec-

tive. *Id.* "It is not ineffective assistance of counsel for an attorney to pursue one reasonable trial strategy to the exclusion of another, even if the latter would also be a reasonable strategy." *Clayton v. State,* 63 S.W.3d 201, 207–08 (Mo. banc 2001). The Missouri Supreme Court has explained that, "[i]n many instances seasoned trial counsel do not object to otherwise improper questions or arguments for strategic purposes. It is feared that frequent objections irritate the jury and highlight the statements complained of, resulting in more harm than good." *State v. Tokar,* 918 S.W.2d 753, 768 (Mo. banc 1996).

In this case, the motion court found that Counsel's failure to object to portions of the State's closing argument was reasonable trial strategy. The motion court's finding is not clearly erroneous. Counsel testified at the evidentiary hearing that she did not object to portions of the State's closing arguments as a matter of trial strategy:

> [D]uring the course of closing arguments, you have to make a split-second decision basically as to whether or not you should object and draw the jury's attention to a comment that may have been made by the State.
>
> In light of the evidence and in light of the closing argument as a whole, and in this particular case I believe[d] that it would be detrimental to Mr. Bradley for me to object and draw attention to those particular arguments, especially if I were overruled in that particular objection.

Bradley has not overcome the presumption that Counsel used sound trial strategy. *See State v. Long,* 951 S.W.2d 679, 683–84 (Mo.App. S.D.1997) (finding that movant did not overcome presumption that counsel used sound trial strategy when counsel testified he did not object to evidence regarding movant's possible gang involve-ment because he did not want to draw the jury's attention to the issue). Thus, Bradley has failed to establish by a preponderance of the evidence that Counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney. Because Bradley has failed to satisfy the first prong of the *Strickland* test, his ineffective assistance of counsel claim pertaining to Counsel's failure to object to portions of the State's closing argument must fail. *See Williams,* 205 S.W.3d at 305 (stating that if the movant fails to satisfy one of the two prongs of the *Strickland* test, we are not compelled to address the other prong and the claim of ineffective assistance of counsel must fail). Point one is denied.

**2. Bradley's Claim that Counsel was Ineffective for Failing to Advise him of the Full Range of Punishment for His Offense**

In his second and final point on appeal, Bradley claims that Counsel was ineffective in failing to advise him of the increased range of punishment he faced as a prior and persistent offender. We disagree.

Bradley and Counsel testified about this issue at the evidentiary hearing. Bradley testified he was never told that he could face up to thirty years of imprisonment as a prior and persistent offender. He also stated that he would have taken a plea bargain if he had known the full range of punishment for the offense.

However, Counsel testified that she had many talks with Bradley during which they discussed the increased range of punishment Bradley would face as a prior and persistent offender along with the possibility of negotiating a plea bargain. Counsel also testified that Bradley insisted on maintaining his innocence and that he would not accept any plea bargain.

In its findings of fact and conclusions of law, the motion court found that Counsel's testimony was credible and Bradley's testimony was not credible. We defer to the motion court's superior opportunity to judge the credibility of the witnesses. *Coday v. State,* 179 S.W.3d 343, 360 (Mo.App. S.D.2005). Accordingly, Bradley has failed to establish by a preponderance of the evidence that Counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney. Because Bradley has failed to satisfy the first prong of the *Strickland* test, his ineffective assistance of counsel claim pertaining to Counsel's failure to advise him of the range of punishment he faced as a prior and persistent offender must fail. *See Williams, supra.* Point two is denied.

### III. CONCLUSION

The judgment is affirmed.

MARY K. HOFF, J., and LAWRENCE E. MOONEY, J., concur.