Michael **FARR, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 99194.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 17, 2013.

Timothy Forneris, St. Louis, MO, for appellant.

Chris Koster, Robert J. (Jeff) Bartholomew, Jefferson City, MO, for respondent.

GARY M. GAERTNER, JR., Judge.

### Introduction

Michael Farr (Movant) appeals from the motion court's judgment denying, without an evidentiary hearing, his Motion under Rule 29.15[1] to Vacate, Set Aside, or Correct Judgment and Sentence and Request for Evidentiary Hearing (Rule 29.15 Motion). We affirm.

### Background

Movant was charged with one count of the class B felony of delivery of a controlled substance, and one count of the class C felony of possession of a controlled substance. These charges came about as the result of a police undercover operation, during which Officer Shirley McClain purchased drugs from Movant. Officer McClain was wearing a wire that transmitted audio from her car to a surveillance van, where Officer Jesse Harris monitored the transmission and created a recording (KEL tape). The KEL tape contained the conversation between Movant and Officer McClain.

At trial, during Officer McClain's testimony, the State played the KEL tape. Later, during Officer Harris's testimony, the State requested to re-play the KEL tape. The court replied "We just heard the K[EL] tape." The prosecutor responded that she would like to have Officer Harris explain the locations. The court allowed the State to proceed. Defense counsel did not object to the second playing of the KEL tape.

The jury convicted Movant on both counts, and the trial court sentenced him to concurrent terms of fifteen and seven years' imprisonment. This Court affirmed Movant's convictions on appeal. *State v. Farr*, 207 S.W.3d 214 (Mo.App. E.D.2006) (per curiam). After filing an initial *pro se* motion for post-conviction relief, Movant filed his amended Rule 29.15 Motion, alleging Movant's trial counsel was ineffective for failing to object to the second playing of the KEL tape. The motion court denied the Rule 29.15 Motion without an evidentiary hearing. This appeal follows.

### Standard of Review

Appellate review of the denial of a post-conviction motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(k). On review, the motion court's findings are presumptively correct. *Castor v. State*, 245 S.W.3d 909, 912 (Mo.App. E.D.2008). The motion court's findings of fact and conclusions of law are clearly erroneous only if, after

---

1. All rule references are to Mo. R.Crim. P. (2013), unless otherwise indicated.

examining the entire record, we are left with the definite and firm impression that a mistake has been made. *Forrest v. State*, 290 S.W.3d 704, 708 (Mo. banc 2009).

## Discussion

■ Movant argues that the motion court erred in refusing to hold an evidentiary hearing on his claim of ineffective assistance of counsel. A motion court is not required to grant an evidentiary hearing unless: (1) the movant pleads facts that if true would warrant relief; (2) the facts alleged are not refuted by the record; and (3) the matter complained of resulted in prejudice to the movant. *Dorsey v. State*, 115 S.W.3d 842, 844–45 (Mo. banc 2003).

■ On a claim of ineffective assistance of counsel, the movant must show first, that counsel's performance was deficient, and second, that the movant was prejudiced thereby. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "[T]here is a strong presumption that counsel's conduct was reasonable and effective." *Gill v. State*, 300 S.W.3d 225, 232 (Mo. banc 2009). To demonstrate prejudice, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052. If the movant fails to satisfy either the performance prong or the prejudice prong, we need not consider the other. *Sidebottom v. State*, 781 S.W.2d 791, 795–96 (Mo. banc 1989).

■ Movant's sole point on appeal is that his trial counsel was ineffective for failing to object when the State played the KEL tape a second time. Movant concedes that the KEL tape was admissible, but argues that the State's use of it twice was duplicative, excessive, and improper bolstering. He argues that but for his trial counsel's failure to object to this second playing, he would have been acquitted. We disagree.

■ Testimony may not be unduly emphasized by repetition. *See generally State v. Seever*, 733 S.W.2d 438 (Mo. banc 1987). Movant relies primarily on *State v. Seever* to argue that the State's second playing of the KEL tape here constituted improper use of duplicative and corroborative evidence. *Id.* at 441 (finding videotape of child's testimony improper bolstering of child's live testimony). *Seever* has since been interpreted to prohibit videotapes prepared to "wholly duplicate" live testimony of a child witness, essentially allowing the witness to testify twice. *See State v. Gollaher*, 905 S.W.2d 542, 545 (Mo.App. E.D.1995) (citing *State v. Silvey*, 894 S.W.2d 662, 672 (Mo. banc 1995)).

In contrast here, the KEL tape was not prepared as testimony, but was a contemporaneous recording of the crime. Movant does not dispute its admissibility, and thus does not dispute that it was permissible for the jury to hear the tape. The trial court has discretion to allow repetition of such recordings for the jury, and the trial court properly allowed the second playing of the KEL tape here. *See Jackson v. State*, 205 S.W.3d 282, 288 (Mo.App. E.D.2006) (finding it within trial court's discretion to determine when cumulative evidence should stop; concluding Rule 29.15 motion did not allege when repetitive display of crime scene photographs or repetitive testimony about them became so prejudicial as to outweigh probative value); *cf. State v. Jennings*, 815 S.W.2d 434, 440 (Mo.App. E.D.1991) (finding it within trial court's discretion to allow replay of tape to jury during deliberations; noting jury had viewed tape twice during trial).

Even assuming *arguendo* the trial court would have granted an objection to the second playing of the KEL tape, such a replay is not prejudicial, as the evidence is cumulative. *See State v. Engleman*, 634 S.W.2d 466, 478 (Mo.1982) (finding repetition of tape recording undue and cumulative; concluding no manifest injustice); *State v. Moorehead*, 811 S.W.2d 425, 428 (assuming playing of 911 tape after witness testified to details of call improper bolstering; concluding admission was not prejudicial because evidence from tape recording was cumulative). Counsel's failure to object to cumulative evidence, even where the trial court would have sustained the objection, does not result in prejudice. *Moss v. State*, 10 S.W.3d 508, 512 (Mo. banc 2000). Thus, Movant failed to allege facts showing ineffective assistance of trial counsel.

Because Movant's Rule 29.15 Motion did not allege facts that, if true, would have entitled him to relief, we find no error in the motion court's denial of Movant's motion without a hearing. Point denied.

### Conclusion

The judgment of the motion court is affirmed.

LISA S. VAN AMBURG, P.J., and PATRICIA L. COHEN, J., concur.