

# In the Missouri Court of Appeals
# Eastern District

### DIVISION THREE

| | | |
|---|---|---|
| CARLTON L. PORTER, | ) | No. ED106323 |
| | ) | |
| Movant/Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Christopher E. McGraugh |
| | ) | |
| Respondent/Respondent. | ) | Filed: March 26, 2019 |

### Introduction

Carlton Porter (Appellant) appeals from the motion court's denial of his Rule 29.15[1]

motion for post-conviction relief after an evidentiary hearing. Porter's motion claims his trial

counsel (trial counsel) was ineffective for failing to investigate and call certain witnesses in his

defense at trial. We affirm.

### Facts and Background

Appellant was convicted after a jury trial as a persistent felony offender and persistent

drug offender of trafficking in the second degree, possession of phencyclidine (PCP), and

possession of drug paraphernalia. In the light most favorable to the verdict, the facts are as

follows:

---

[1] All rule references are to Mo. R. Crim. P. 2015.

In February, 2012, Officer Mark Pasionek was assigned to patrol the 5600 and 5700 blocks of Labadie in the City of St. Louis, an area known for drug sales. He and Officer Jared Neff conducted surveillance from a vacant residence.

During their surveillance, the officers observed Appellant conduct several suspicious transactions with various individuals. Officer Pasionek observed a blue vehicle pull up to Appellant and saw Appellant speak to someone within. Appellant then went to the corner of 5700 Labadie, kneeled down, unscrewed a jar, and dipped a cigarette into it. Appellant removed the cigarette, sucked on one end, and took it back to the vehicle, handing it to an occupant.

Other officers followed the blue vehicle after it pulled away, and conducted a traffic stop. During the stop, one officer smelled a strong odor of PCP. Searching the vehicle's driver, they found a dark brown More brand cigarette which had been dipped in PCP. That driver was arrested.

Officers Pasionek and Neff also observed a black vehicle pull up, and watched its occupant engage in a similar transaction with Appellant. Appellant spoke with the occupant, went to the corner where the jar was hidden, dipped a cigarette into the jar, and returned to exchange it with the occupant. This second vehicle was also stopped, and officers found a cigarette dipped in PCP in the ashtray and arrested the driver.

Officers observed several more similar transactions as they watched Appellant. After some time they called in other police officers for assistance, and Appellant was arrested. Officer Andrew Kleffner searched the area where they had seen Appellant access the jar and cigarettes. Officer Kleffner found the jar and More brand cigarettes in a hole. The jar contained fluid, which a laboratory test later revealed to be PCP.

A jury trial was held, and Appellant was found guilty of possession of a controlled substance with intent to distribute, trafficking in the second degree, and possession of drug paraphernalia with intent to use. Appellant was sentenced to concurrent sentences of twelve years for trafficking and possession of the PCP, and one year concurrently for the possession of paraphernalia.

Appellant directly appealed his conviction and sentence, which was affirmed by this Court in State v. Porter, 464 S.W.3d 250 (Mo. App. E.D. 2015).

Appellant timely filed a *pro se* motion for post-conviction relief under Rule 29.15. Counsel was appointed for Appellant, who, after requesting and receiving a 30-day extension, timely filed an amended motion (motion).

Appellant's motion alleged his trial counsel was ineffective for failing to call Robert and Christine Lockette to testify in his defense at trial.[2] Mr. and Mrs. Lockette were the occupants of one of the vehicles police observed during their surveillance of Appellant. Appellant claims Mr. and Mrs. Lockette would have testified he was not the individual who was selling PCP that day. Appellant claims trial counsel was deficient because she did not investigate, interview, subpoena, or call Mr. and Mrs. Lockette as witnesses.

The motion court granted Appellant an evidentiary hearing on his claim. At this hearing, Appellant's trial counsel, Mr. Lockette, and Mrs. Lockette testified. Trial counsel testified as to her general trial strategy, which was to argue that Appellant was not selling drugs that day, and that police had not actually seen him doing so. Trial counsel also conducted an investigation before trial. In the course of the investigation, trial counsel became aware of Mr. Lockette as a potential witness. However, Mr. Lockette had a drug possession charge pending against him

---

[2] Appellant's motion also contained other claims, which were waived by Appellant at the evidentiary hearing.

from his alleged purchase of PCP from Appellant that day. Trial counsel contacted Mr. Lockette's attorney to ask permission to interview Mr. Lockette as a potential witness, but Mr. Lockette's attorney refused. Trial counsel did not pursue Mr. Lockette as a potential witness any further. Mr. Lockette was ultimately acquitted of the possession charge, but not until after Appellant's trial.

Trial counsel also testified she did not investigate or pursue Mrs. Lockette as a potential witness, and did not recall why. Trial counsel conceded that had Mr. and Mrs. Lockette testified to being in the area that day and not seeing Appellant, it would have aided Appellant's defense. However, trial counsel also acknowledged calling Mr. Lockette may have been a risky strategy, as his testimony would have been open to impeachment from the officers who arrested him as well, as other witnesses. She also was concerned that had she called Mr. Lockette to testify while his own case was pending he would have pleaded the Fifth Amendment.

Mr. Lockette testified next. He admitted to being around the 5700 block of Labadie that day, but said he was there to speak with someone about a job. He testified he was approached on Labadie by an unfamiliar individual, but that individual was not Appellant. Mr. Lockette testified he did not purchase PCP from anyone. He stated he recalled being pulled over afterwards, and an officer telling him he smelled PCP. Mr. Lockette claimed this police officer planted a PCP cigarette on him and arrested him.

Mr. Lockette also stated he had testified on his own behalf at his trial and was ultimately acquitted of the possession charge. Mr. Lockette testified no one asked him about testifying at Appellant's trial, but had he been asked he would have testified at Appellant's trial as he had testified at the evidentiary hearing.

4

After Mr. Lockette concluded his testimony, Mrs. Lockette testified at the evidentiary hearing. She also stated she and Mr. Lockette were driving in the area that day to meet someone about a job. She recalled stopping on Labadie and Mr. Lockette exiting the vehicle. Mrs. Lockette testified Mr. Lockette did speak with someone after exiting the car, but because she was on the phone she did not notice with whom he spoke. She also testified when Mr. Lockette came back to the car, she did not smell anything out of the ordinary. Mrs. Lockette stated she did not recognize Appellant, and was sure she had never seen him before.

After hearing evidence, the motion court denied Appellant's motion. The motion court found Appellant had not met his burden to establish Mr. Lockette was available to testify at Appellant's trial, and Mr. Lockette's testimony had not been credible. The motion court also found Mrs. Lockette's testimony would not have provided a basis for a valid defense, and expressed doubt she would have cooperated with Appellant.

## Point Relied On

Appellant claims the motion court clearly erred in denying his Rule 29.15 motion because he proved by a preponderance of the evidence his trial counsel was deficient in failing to adequately investigate, interview, subpoena, and call Mr. and Mrs. Lockette, whose testimony would have provided the basis of a viable defense, and, but for trial counsel's errors, the outcome of his trial would have been different.

## Standard of Review

Appellant bears the burden to prove his grounds for relief by a preponderance of evidence. Rule 29.15(i). We will reverse the motion court's ruling on a post-conviction motion only if the motion court's findings of fact or conclusions of law are clearly erroneous. Rule 29.15(k). The motion court's rulings are presumed correct and will only be reversed if this Court

is left with a definite and firm impression a mistake has been made.  Washington v. State, 415 S.W.3d 789, 792 (Mo. App. E.D. 2013), citing Vaca v. State, 314 S.W.3d 331, 334 (Mo. banc 2010).

This Court defers to the motion court's determination of witness credibility, as it is in a superior position to evaluate such.  Bradley v. State, 292 S.W.3d 561, 566 (Mo. App. E.D. 2009). "At a post-conviction relief evidentiary hearing, the motion court determines the credibility of the witnesses and is free to believe or disbelieve the testimony of any witness…." Hurst v. State, 301 S.W.3d 112, 117 (Mo. App. E.D. 2010).

Discussion

In order to show ineffective assistance of counsel, Appellant must establish (1) trial counsel failed to show the degree of skill and care in his handling of Appellant's case a reasonably competent attorney would have shown, and (2) trial counsel's failure to do so resulted in prejudice to Appellant.  Davis v. State, 486 S.W.3d 898, 906-07 (Mo. banc 2016), citing Strickland v. Washington, 466 U.S. 668 (1984).  In order to establish ineffective assistance of counsel for trial counsel's failure to call particular witnesses at trial, Appellant must prove (1) trial counsel knew or should have known of the witnesses' existence, (2) the witnesses could be located through reasonable investigation, (3) the witnesses would testify, and (4) the witnesses' testimony would have been the basis of a viable defense.  Vaca, 314 S.W.3d at 335-36, citing Hutchison v. State, 150 S.W.3d 292, 304 (Mo. banc 2004).  A "viable defense" is one which has a reasonable probability of outweighing the aggravating evidence and changing the outcome of the trial.  Deck v. State, 381 S.W.3d 339, 346 (Mo. banc 2012).

We begin our review of trial counsel's performance under a strong presumption she provided adequate assistance and exercised reasonable professional judgment.  Strickland, 466

6

U.S. at 690; Honeycutt v. State, 54 S.W.3d 633, 639 (Mo. App. W.D. 2001). The decision to call a particular witness is a matter of trial strategy, and up to the professional judgment of the attorney. Payne v. State, 21 S.W.3d 843, 845 (Mo. App. E.D. 1999). "A decision not to call witnesses to testify, as a matter of trial strategy, is virtually unchallengeable." Id.

Reviewing the record, it is clear trial counsel's decision not to call Mr. Lockette as a witness was reasonable. Appellant acknowledges that once Mr. Lockette's attorney forbade trial counsel to interview him due to his pending charges stemming from the same matter as Appellant's charges, ethical rules restrained her from speaking with Mr. Lockette. This leaves trial counsel with a difficult decision: forego calling Mr. Lockette as a witness, or subpoena him blindly, with no indication of what his testimony will be. As was established at the evidentiary hearing, trial counsel was concerned should Mr. Lockette testify he would be open to impeachment, or he would simply plead the Fifth Amendment on his attorney's advice, both of which might damage Appellant's case. Given the circumstances, we cannot convict trial counsel of deficient performance for a reasonable strategy decision.

Further, we cannot say the motion court clearly erred in concluding Appellant had not met his burden to show Mr. Lockette would have been available as a witness. Mr. Lockette's attorney refused to allow trial counsel to speak with him. Had trial counsel still chosen to blindly subpoena him, it is very likely his attorney would have advised to him to plead the Fifth Amendment when asked about his involvement with any drug sales. Had he heeded this sound advice, it is doubtful the trial court would have allowed him to testify at all, as there was no relevant testimony he could have given except on those matters which might incriminate him. Cruce v. Auto-Owners Mut. Ins. Co., 851 S.W.2d 10, 14 (Mo. App. W.D. 1993) ("Whether to

7

permit a witness to testify who claims that he will invoke his right against self-incrimination lies within the sound discretion of the trial court.").

It is true Mr. Lockette's testimony might tend to show none of this was actually a barrier to his testifying at Appellant's trial. At the evidentiary hearing, he stated he would have gladly risked his own freedom to testify on Appellant's behalf, disregarding any contrary advice from his attorney. Noble and selfless as that may be, Mr. Lockette has the luxury of hindsight with which to make such declarations. At the time of the evidentiary hearing, Mr. Lockette had been acquitted by a jury; at the time of Appellant's trial, his charge was still pending. It stands to reason Mr. Lockette would have found that decision more difficult to make were he actually faced with the potential consequences. The motion court recognized this and found Mr. Lockette's testimony at the evidentiary hearing incredible.

Mrs. Lockette did not have pending criminal charges against her at the time of Appellant's trial, and may have been less constrained from testifying. However, the motion court found her testimony would not have formed the basis of a viable defense. We agree with the motion court.

In order to show a defendant was prejudiced by trial counsel's failure to call a particular witness, they must demonstrate there was a reasonable probability the omitted testimony would have outweighed the incriminating evidence. Deck, 381 S.W.3d at 346. At Appellant's trial, police testified to observing Appellant conduct several drug transactions. They observed Appellant return several times to a hiding spot to access a jar containing what they suspected to be drugs. When that spot was searched, a jar was found that contained a substance which tested positive as PCP. Meanwhile, Mrs. Lockette testified that, while she did not recall seeing Appellant that day, she was on the phone and not paying close attention. Given the volume of

8

evidence showing Appellant's guilt, it is unlikely Mrs. Lockette's testimony would have outweighed it and changed the result of Appellant's trial.

Because trial counsel was unable to interview Mr. Lockette before trial, and because calling him blindly as a witness would likely hurt rather than help Appellant's case, trial counsel's choice not to call him was a reasonable strategy decision.  Although trial counsel did not recall a strategic reason for not calling Mrs. Lockette, given the strong evidence of Appellant's guilt and relative weakness of any testimony Mrs. Lockette would have been able to provide, it is unlikely her testimony would have provided the basis of a viable defense, and so Appellant suffered no prejudice.  See Anderson v. State, 564 S.W.3d 592, 612 (Mo. banc 2018) (holding no prejudice results from failing to call witness whose testimony is in no way "compelling nor persuasive").

## Conclusion

The judgment of the motion court is affirmed.


_Sherri B. Sullivan_
SHERRI B. SULLIVAN, P.J.

Lawrence E. Mooney, J., and
Robin Ransom, J., concur.