

# In the Missouri Court of Appeals
## Eastern District

### DIVISION FOUR

| | | |
|---|---|---|
| EDWARD D. LUSK, | ) | No. ED109987 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | Cape Girardeau County |
| vs. | ) | |
| | ) | Honorable Benjamin F. Lewis |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | Filed: November 8, 2022 |

### Introduction

Edward D. Lusk ("Movant") pled guilty to property damage in the first degree, arson in the second degree, and six counts of burglary in the second degree. After an evidentiary hearing, the motion court denied his Rule 24.035 motion for post-conviction relief.[1] He appeals the motion court's judgment and raises three Points. In Point I, Movant argues the motion court clearly erred because his plea counsel ("Plea Counsel") failed to advise him of a defense for the arson in the second-degree count (Count XVIII) by which Movant could have proceeded to trial and submitted lesser-included offense instructions for reckless or negligent burning. In Point II, Movant argues the motion court clearly erred because Plea Counsel failed to advise him of an alternative perpetrator defense on the burglary in the second-degree count involving the Battles Communication location (Count XX). In Point III, Movant argues the motion court clearly erred

---

[1] All Rule citations are to the Missouri Supreme Court Rules (2017), unless otherwise indicated.

because Plea Counsel failed to object at sentencing to the prosecutor arguing facts about an incident to which Movant was not pleading guilty and was outside the record.

Because Movant failed to show he was prejudiced by Plea Counsel allegedly not advising him of the lesser included offenses of reckless or negligent burning, we deny Point I. Because Movant failed to prove Plea Counsel did not advise him of the alternative perpetrator defense, we deny Point II. Because Movant failed to show he was prejudiced by Plea Counsel's failure to object to the prosecutor's statements, we deny Point III.

We affirm.

## Factual and Procedural Background

In July and August of 2016, Movant violated his parole for first-degree robbery by committing several burglaries causing significant property damage. On August 26, 2016, Movant was charged by information as a prior and persistent offender with seven counts of second-degree burglary, one count of second-degree attempted burglary, nine counts of first-degree property damage, one count of receiving stolen property, two counts of resisting arrest, three counts of misdemeanor stealing, one count of second-degree assault of a law enforcement officer, and one count of second-degree arson. On June 12, 2017, Movant pled guilty to six counts of second-degree burglary, in violation of section 569.170 (Counts I, III, VI, XII, XV, and XX);[2] one count of first-degree property damage, in violation of section 569.100 (Count IX); and one count of second-degree arson, in violation of section 569.050 (Count XVIII). The remaining seventeen charges were dismissed by the prosecution as part of the plea agreement. On August 18, 2017, Movant was sentenced as a prior and persistent offender to eight consecutive terms of fifteen years imprisonment for 120 years in the Missouri Department of Corrections.

---

[2] All statutory references are to RSMo (2016), unless otherwise indicated.

On November 27, 2017, Movant timely filed his Rule 24.035 post-conviction motion. On January 3, 2018, his post-conviction counsel entered appearance on Movant's behalf. Movant's post-conviction counsel requested an additional thirty days to file an amended post-conviction motion. On July 12, 2018, Movant's post-conviction counsel timely filed an amended post-conviction motion with a request for an evidentiary hearing. After the evidentiary hearing, the motion court issued findings of fact and conclusions of law denying Movant's Rule 24.035 motion. This appeal follows.

## Standard of Review

Our review of a Rule 24.035 motion is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(k). "A motion court's findings are presumed correct, and we will overturn the ruling only if we are left with a definite and firm impression that a mistake has been made." *James v. State*, 462 S.W.3d 891, 893 (Mo. App. E.D. 2015) (quoting *Nichols v. State*, 409 S.W.3d 566, 569 (Mo. App. E.D. 2013)). Movant must prove claims "by a preponderance of the evidence." Rule 24.035(i).

## Discussion

### *Point I: Failure to Advise of Lesser-Included Offense Instructions*

#### A. Party Positions

In Point I, Movant argues the motion court clearly erred because Plea Counsel failed to advise him of a defense for the arson in the second-degree count (Count XVIII) by which Movant could have proceeded to trial and submitted lesser-included offense instructions for reckless or negligent burning. Movant argues Plea Counsel's failure to discuss the lesser included offenses on the second-degree arson count negated the knowing entry of his plea. *Rueger*, 498 S.W.3d at 543 (citing *Wiggins*, 480 S.W.3d at 383).

3

Movant argues he was charged with second-degree arson, which requires a person knowingly damage a building or inhabitable structure by starting a fire or causing an explosion. § 569.050. Movant argues he maintained the position he did not knowingly start the fire which occurred at Ringer and Jarrell Law Office. Thus, Movant argues, "had the count proceeded to trial," he "could have been found guilty of a nested-lesser included offense of reckless burning or exploding . . . ." Movant argues Plea Counsel failed to discuss the lesser-included offenses of reckless or negligent burning, or their elements, on Count XVIII. Movant argues had Plea Counsel advised him of such offenses, "as well as the certainty of them being submitted for deliberation to a jury," Movant would not have pled guilty to Count XVIII, second-degree arson. Thus, Movant argues his "plea of guilty was not voluntarily, knowingly[,] and intelligently made." Movant argues Plea Counsel "did not act as reasonably competent counsel would act under similar circumstances" because reasonably competent counsel would have advised him of the "viable defense" available at trial.

The State argues the motion court did not clearly err in denying Movant's claim because he "failed to prove that had he received such advice, he would have rejected the plea agreement and insisted on going to trial on all [twenty-five] counts." The State argues, "[t]here was no possibility of going to trial only on the arson charge, and thus if [Movant] declined to plead guilty per the plea agreement, he would have faced trial on all [twenty-five] counts." The State argues there was no guarantee the jury would convict him of the lesser included offenses, even if he had proceeded to trial. The State argues even if Movant would have been convicted of the lesser-included offenses on the second-degree arson count, Movant "still would have been facing a potential total maximum sentence of 269 years." The State argues "both [Plea Counsel] and [Movant] believed that if he had taken the case to trial, he would likely have been convicted of

4

most, if not all, of the [twenty-five] counts." Thus, the State argues the motion court correctly determined there was no reasonable probability Movant would "have proceeded to trial rather than plead guilty because his strategy was to plead guilty to eight counts rather than possibly be convicted of [twenty-five] counts."

B. Analysis

There is a strong presumption trial counsel's conduct was reasonable and effective. *Davis v. State*, 486 S.W.3d 898, 906 (Mo. banc 2016) (citing *Johnson v. State*, 406 S.W.3d 892, 899 (Mo. banc 2013)). To be entitled to post-conviction relief for ineffective assistance of counsel, movants must show by a preponderance of the evidence: "(1) his trial counsel failed to exercise the level of skill and diligence that a reasonably competent trial counsel would in a similar situation, and (2) he was prejudiced by that failure." *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "Prejudice occurs when 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (quoting *Deck v. State*, 68 S.W.3d 418, 429 (Mo. banc 2002)).

Where there is a guilty plea, a claim of ineffective assistance of counsel is immaterial 'except to the extent that the conduct affected the voluntariness and knowledge with which the plea was made.'" *Rice v. State*, 550 S.W.3d 565, 569 (Mo. App. E.D. 2018) (quoting *Wiggins v. State*, 480 S.W.3d 379, 383 (Mo. App. E.D. 2015)). It is counsel's basic duty "to discuss the circumstances and possible consequences of entering a plea in order to ensure that the defendant makes an informed and intelligent decision about waiving the right to a trial." *Id.* (citing *Wiggins*, 480 S.W.3d at 383). If the movant establishes counsel's deficient performance, he must further show there is a reasonable probability, but for counsel's ineffectiveness, he would not have pled guilty and would have demanded a trial. *Id.* (citing *Wiggins*, 480 S.W.3d at 383). "If

5

the movant fails to satisfy either the performance prong or the prejudice prong, we need not consider the other." *Farr v. State*, 408 S.W.3d 320, 322 (Mo. App. E.D. 2013) (citing *Sidebottom v. State*, 781 S.W.2d 791, 795–96 (Mo. banc 1989)).

In analyzing the record, "[t]his Court defers to the motion court's determination of witness credibility, as it is in a superior position to evaluate such." *Porter v. State*, 575 S.W.3d 731, 736 (Mo. App. E.D. 2019) (citing *Bradley v. State*, 292 S.W.3d 561, 566 (Mo. App. E.D. 2009)). "The motion court is not required to believe the testimony of the movant or any other witness, even if uncontradicted, and this Court defers to the motion court's determination of credibility." *Kerpash v. State*, 618 S.W.3d 278, 282 (Mo. App. E.D. 2021) (quoting *Smith v. State*, 413 S.W.3d 709, 715 (Mo. App. E.D. 2013)).

Plea counsel's failure to advise a defendant of a possible lesser-included offense may render a guilty plea unknowing and involuntary. *Wiggins*, 480 S.W.3d at 383 (citing *Bequette v. State*, 161 S.W.3d 905, 908 (Mo. App. E.D. 2005). To prove prejudice, Movant had to show he would have forgone the State's plea offer and would have proceeded to trial had he been informed of the possibilities of an instruction on and conviction of reckless burning or negligent burning. *Rice*, 550 S.W.3d at 570.

Movant was charged with twenty-five counts facing a possible maximum sentence of 283 years if he proceeded to trial. Under the plea agreement, Movant pled guilty to eight counts, and the State agreed to dismiss seventeen counts (a potential sentence of 133 years). Additionally, at the motion hearing, Movant and Plea Counsel testified they both believed, given the evidence against him, there was a high probability Movant would be convicted of all, or nearly all, twenty-five counts charged. Movant and Plea Counsel also conceded Movant likely would have been convicted on this arson count even if lesser included offenses were proffered to the jury. The

6

motion court did not find Movant's testimony he would have proceeded to trial if he knew about the lesser included offenses credible. The motion court could reasonably conclude the record refutes Movant's allegation absent the alleged error of Plea Counsel, he would have gone to trial risking conviction on seventeen additional charges with a possibility of an additional 133 years.

Because we defer to the motion court's witness credibility determinations, and given the record, the motion court did not clearly err in concluding Movant failed to establish prejudice. *Porter*, 575 S.W.3d at 736 (citing *Bradley*, 292 S.W.3d at 566). As Movant failed to satisfy the prejudice prong of the *Strickland* test, his ineffective assistance of counsel claim pertaining to Plea Counsel's alleged failure to advise him of the lesser included offenses must fail. *See Bradley*, 292 S.W.3d at 566. We need not consider the performance prong. *Farr*, 408 S.W.3d at 322 (citing *Sidebottom*, 781 S.W.2d at 795–96).

Point I is denied.

### Point II: Failure to Advise of Alternative-Perpetrator Defense

### A. Party Positions

In Point II, Movant argues the motion court clearly erred because Plea Counsel failed to advise him of an alternative perpetrator defense on the burglary in the second-degree count involving the Battles Communication location (Count XX). Movant argues Plea Counsel's failure to discuss the alternative perpetrator defense on the second-degree burglary count negated the knowing entry of his plea. *Rueger*, 498 S.W.3d at 543 (citing *Wiggins*, 480 S.W.3d at 383).

Movant argues "[a] defendant may introduce evidence tending to show that another person committed the offense." *State v. Barriner*, 111 S.W.3d 396, 400 (Mo. banc 2003). Movant argues, under the direct connection rule, "evidence that another had opportunity or motive is admissible if there is also proof that the other person committed some act directly

7

connecting him with the crime." *State v. McKay*, 459 S.W.3d 450, 458 (Mo. App. E.D. 2014). Movant argues here, two alternate suspects were investigated as being potentially involved in the burglary at Battles Communication.

Movant argues Plea Counsel did not say "with certainty" she discussed presenting the alternative perpetrator defense. Movant argues reasonably competent counsel would have discussed the defense before advising Movant to plead guilty, given the reasonable doubt created. Movant argues had he known about the alternative perpetrator defense, he would not have entered his plea of guilty but would have taken his case to trial. Movant argues his plea of guilty to Count XX was not voluntarily, knowingly, and intelligently made.

The State argues the motion court did not clearly err because Plea Counsel testified she and Movant discussed the alternative perpetrator defense and they "instead opted to plead guilty to eight of the [twenty-five] counts with which [Movant] was charged." The State argues the motion court found Plea Counsel's testimony credible and Movant's testimony not credible. Thus, the State argues because this Court defers to the motion court's determination of witness credibility, the motion court did not err. *Williams v. State*, 646 S.W.3d 434, 438 (Mo. App. E.D. 2022).

The State further argues Movant failed to prove there was a viable alternative perpetrator defense. The State argues the alternative perpetrator defense requires evidence of another committing some act directly connecting him with the crime. *McKay*, 459 S.W.3d at 458. The State argues Movant presented no evidence to show the two identified suspects "or any other person committed any act connecting them with the burglary of Battles Communication." The State argues bare suspicion or mere opportunity to commit the crime is insufficient to allow

8

evidence of an alternative perpetrator defense. *State v. Wright*, 551 S.W.3d 608, 617–18 (Mo. App. E.D. 2018).

The State finally argues Movant failed to show he was prejudiced. The State argues if Movant opted not to plead guilty to the burglary at Battles Communication, Movant would have gone to trial on all twenty-five counts and faced a possible sentence of up to 269 years. Thus, the State argues it is not credible to believe Movant "would have risked a 200+ year sentence to pursue a non-meritorious alternative perpetrator defense on one of the [twenty-five] charges."

B. Analysis

Movant is correct, "[p]lea counsel's failure to inform the movant of the relevant and viable defense to the charges filed against the movant may negate the knowing entry of a guilty plea." *Rueger*, 498 S.W.3d at 543 (citing *Wiggins*, 480 S.W.3d at 383). But, in its findings of fact and conclusions of law, the motion court found Plea Counsel's testimony stating she recognized and discussed the alternative perpetrator defense with Movant to be credible. The motion court determined Movant's testimony to the contrary not credible. As detailed above, we defer to the motion court's witness credibility determinations. *Porter*, 575 S.W.3d at 736 (citing *Bradley*, 292 S.W.3d at 566). Accordingly, Movant failed to establish Plea Counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney by a preponderance of the evidence. *See Bradley*, 292 S.W.3d at 566.

Because Movant failed to satisfy the performance prong of the *Strickland* test, his ineffective assistance of counsel claim pertaining to Plea Counsel's alleged failure to advise him of the alternative perpetrator defense must fail. *See id.* We need not consider the prejudice prong. *Farr*, 408 S.W.3d at 322 (citing *Sidebottom*, 781 S.W.2d at 795–96).

Point II is denied.

*Point III: Failure to Object at Sentencing*

A. Party Positions

In Point III, Movant argues the motion court clearly erred because Plea Counsel failed to object at sentencing to the prosecutor arguing facts about an incident to which Movant was not pleading guilty and was outside the record. Movant argues reasonably competent plea counsel would have objected to such an argument and moved to not consider such prejudicial statements. *See State v. Storey*, 901 S.W.2d 886, 900–01 (Mo. banc 1995) (citing *State v. Shurn*, 866 S.W.2d 447, 460 (Mo. banc 1993)).

Movant argues he was prejudiced by Plea Counsel's failure to object because the trial court judge, in the sentencing proceeding, considered the facts presented by the prosecutor. Movant argues the information provided by the prosecutor regarding damaging Dexter Automotive should not have been considered by the motion court because Movant was not charged with such damage, nor was evidence presented to support it. Movant argues he received 120 years in the Department of Corrections, "in part, because the court considered the prosecutor's argument." Movant argues if Plea Counsel had objected, the motion court would not have considered the prosecutor's argument, and there is a reasonable probability the outcome of the sentencing proceeding would have been different.

The State argues the motion court did not clearly err because Movant failed to prove there was a meritorious objection for Plea Counsel to have made or he was prejudiced by the prosecutor's argument. The State argues the facts discussed by the prosecutor were not outside of the record. The State argues these facts, as noted by the motion court, were substantially similar to the facts in the Sentencing Assessment Report. Thus, the State argues Plea Counsel's failure to object to cumulative evidence did not result in prejudice. *Farr*, 408 S.W.3d at 323.

The State further argues regardless of whether Movant was charged or not, "evidence of what [Movant] did in the course of the burglary at Dexter Automotive was part and parcel of the nature and circumstances of the burglary, and could properly have been considered by the trial court in sentencing appellant." § 557.036.1.

The State finally argues Movant cannot show prejudice because he cannot show a reasonable probability of a different outcome at sentencing if Plea Counsel objected to the prosecutor's argument. The State argues the malicious and destructive evidence of Movant's actions were noted by the trial court and given "the wide range of discretion" given to a judge in sentencing. *Cherco v. State*, 309 S.W.3d 819, 831 (Mo. App. W.D. 2010). The State argues it is difficult to establish the "weighty burden" of prejudice in sentencing proceedings. *Id.* The State argues it is presumed the trial court did not accept the prosecutor's argument as a fact in establishing Movant tried to start a fire at Dexter Automotive, but "relied on all of the destruction that appellant was charged with doing as part of the burglaries of the numerous premises." *See State v. Hogue*, 501 S.W.3d 53, 58 (Mo. App. E.D. 2016).

## B. Analysis

"A prosecutor may not argue facts outside the record." *Storey*, 901 S.W.2d at 900 (first citing *Shurn*, 866 S.W.2d at 460; then citing Rule 4.3.4). Here, during the sentencing hearing, the prosecutor stated:

> I personally saw on the outside of the building where it looked like a line of fluids had been poured on the exterior wall of that building and there were burn marks there where it appears that the building too had been tried — the defendant tried to burn that building as well.

11

The motion court determined these facts were not outside of the record because, as the prosecutor immediately stated before the above remark, the Sentencing Assessment Report ("SAR"), which was part of the court file and which the Court already read, detailed such facts. The relevant portion of the Sentencing Assessment Report stated:

> Officer Forshee indicated that he observed an unknown fluid poured along the whole length of the West outside wall and a broken window frame. The fluid had been ignited causing some burnt damage to the wall/window frame.

The motion court concluded Movant was not prejudiced by Plea Counsel's decision not to object to the prosecutor's remark because the statement was cumulative and harmless. "Evidence is considered cumulative when it addresses a matter fully developed by other testimony." *Eye v. State*, 551 S.W.3d 671, 676 (Mo. App. E.D. 2018). "Counsel's failure to object to cumulative evidence, even where the trial court would have sustained the objection, does not result in prejudice." *Polk v. State*, 539 S.W.3d 808, 822 (Mo. App. W.D. 2017) (quoting *Farr*, 408 S.W.3d at 323). Here, the prosecutor's statement was cumulative to the SAR, both discussed the fluid and its attempted ignition. *See Eye*, 551 S.W.3d at 676. Movant failed to establish he was prejudiced, even if Plea Counsel's performance was deficient in failing to object to the prosecutor's statements. *See Polk*, 539 S.W.3d at 822.

As Movant failed to satisfy the prejudice prong of the *Strickland* test, his ineffective assistance of counsel claim must fail. *See Polk*, 539 S.W.3d at 822. We need not consider the performance prong. *Farr*, 408 S.W.3d at 322 (citing *Sidebottom*, 781 S.W.2d at 795–96).

Point III is denied.

## Conclusion

The judgment of the motion court is affirmed.

_____
Philip M. Hess, Judge

Kelly C. Broniec, P.J. and
James M. Dowd, J. concur.