

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

| | | |
|---|---|---|
| JOHNNY M. THOMAS, | ) | No. ED111245 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Charles County |
| vs. | ) | |
| | ) | Honorable Michael J. Fagras |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | Filed: November 21, 2023 |

### Introduction

Johnny M. Thomas ("Movant") appeals the motion court's judgment after it overruled his amended Rule 24.035 post-conviction relief motion following an evidentiary hearing.[1] In his sole point on appeal, Movant alleges the motion court clearly erred in overruling his amended motion finding his plea counsel ("Counsel") was not ineffective for failing to advise him he could proceed to trial with the viable defense he was guilty of first-degree child molestation rather than plead guilty to attempted first-degree statutory rape because there was no evidence of penetration or attempted penetration to support his conviction. Because Movant did not carry his burden of proving Counsel was ineffective for failing to advise him of this defense, we deny Point I. We affirm.

---

[1] All Rule references are to the Missouri Supreme Court Rules (2020), unless otherwise indicated.

**Factual and Procedural History**

In September 2018, Movant was indicted on one count of first-degree statutory rape for knowingly having sexual intercourse with [Victim], a child less than twelve years old. Victim was nine years old at the time of the offense. Victim's mother told police she walked in on the assault and saw Movant penetrating Victim. Victim gave a forensic interview in which she stated Movant's penis "went into a hole." Movant told police his penis was "trying to go in" at the time of the assault.

On September 16, 2019, the State filed a substitute indictment alleging Movant committed one count of attempted first-degree statutory rape when he knowingly attempted to have sexual intercourse with Victim. That same day, Movant filed a petition to enter a guilty plea. The petition included several statements, which Movant indicated his agreement with by his signature at the bottom of each page. Movant indicated, "My attorney has explained to me the nature of each charge, any lesser included charge(s), and all possible defenses that I might have in this case." Movant also indicated, "I am satisfied with my attorney's services" and "I have no complaints whatsoever about my attorney's services on my case."

At the plea hearing addressing the factual basis for his plea, Movant stated, "I rubbed my penis on her vagina and attempted to have sexual intercourse." Counsel testified she reviewed all defenses with Movant.

At the sentencing hearing, the plea court noted Movant made inconsistent statements in his sentencing assessment report on whether he committed the offense. After discussing additional details of the sentencing assessment report, the plea court sentenced Movant to twenty years' imprisonment. After pronouncing the sentence, the plea court questioned Movant about Counsel's

performance. Movant stated Counsel did everything he required of her, she investigated and explained his case, and she shared discovery with him.

On January 17, 2020, Movant timely filed his *pro se* Rule 24.035 motion for post-conviction relief. The motion court appointed counsel ("initial counsel") who did not file an amended motion. In the spring of 2021, substitute postconviction counsel ("substitute counsel") entered her appearance and moved to seek a finding initial counsel abandoned Movant and requesting counsel be reappointed so an amended motion could be filed on Movant's behalf. The motion court sustained the motion. Substitute counsel filed a timely amended motion, raising two claims of ineffective assistance of counsel alleging Counsel: (1) failed to investigate and advise Movant of the defense there was no penetration or attempted penetration and (2) failed to advise Movant of the defense he was guilty of first-degree child molestation instead of attempted first-degree statutory rape because there was "merely surface-level touching" and no penetration or attempted penetration. The motion court granted Movant an evidentiary hearing on these claims.

Movant and Counsel testified at the evidentiary hearing. After the evidentiary hearing, the motion court issued its findings of fact, conclusions of law, and judgment finding Movant not credible and overruling Movant's amended motion. Movant appeals.

**Standard of Review**

This Court's review of a Rule 24.035 post-conviction relief motion is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(k). "A motion court's findings are presumed correct, and we will overturn the ruling only if we are left with a definite and firm impression that a mistake has been made." *James v. State*, 462 S.W.3d 891, 893 (Mo. App. E.D. 2015) (quoting *Nichols v. State*, 409 S.W.3d 566, 569 (Mo. App. E.D. 2013)). Movant must prove claims "by a preponderance of the evidence."

3

Rule 24.035(i). When reviewing the record, "[t]his Court defers to the motion court's determination of witness credibility, as it is in a superior position to evaluate such." *Lusk v. State*, 655 S.W.3d 230, 235 (Mo. App. E.D. 2022) (quoting *Porter v. State*, 575 S.W.3d 731, 736 (Mo. App. E.D. 2019)). "The motion court is not required to believe the testimony of the movant or any other witness, even if uncontradicted . . . ." *Id.* (quoting *Smith v. State*, 413 S.W.3d 709, 715 (Mo. App. E.D. 2013)).

When raising an ineffective assistance of counsel claim, the movant must allege facts, not refuted by the record, showing "counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney," resulting in prejudice to the movant. *Jackson v. State*, 660 S.W.3d 679, 682 (Mo. App. E.D. 2023) (quoting *Matthews v. State*, 175 S.W.3d 110, 113 (Mo. banc 2005)); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984). Prejudice exists where the movant shows, "but for counsel's ineffective assistance, he would not have pleaded guilty and would have insisted on taking his case to trial." *Jackson*, 660 S.W.3d at 682 (quoting *Taylor v. State*, 456 S.W.3d 528, 534 (Mo. App. E.D. 2015)). "If the movant fails to satisfy either the performance prong or the prejudice prong, we need not consider the other." *Lusk*, 655 S.W.3d at 234 (quoting *Farr v. State*, 408 S.W.3d 320, 322 (Mo. App. E.D. 2013)). "Where there is a plea of guilty, a claim of ineffective assistance of plea counsel is immaterial 'except to the extent that the conduct affected the voluntariness and knowledge with which the plea was made.'" *Id.* (quoting *Worthington v. State*, 166 S.W.3d 566, 573 (Mo. banc 2005)).

**Discussion**

*Point I: Viable Defense*
*Party Positions*

In his sole point on appeal, Movant alleges the motion court clearly erred in overruling his amended motion finding Counsel was not ineffective for failing to advise him he could proceed to

4

trial with the viable defense he was guilty of first-degree child molestation rather than plead guilty to attempted first-degree statutory rape.[2] Movant argues because there was no evidence of penetration or attempted penetration of Victim's vagina, Counsel was ineffective for failing to advise him of the viable defense theory he committed first-degree child molestation rather than attempted first-degree statutory rape. Movant also argues the motion court's finding Counsel testified she had not considered or advised Movant about presenting this lesser-included offense defense theory because Counsel did not believe it would be successful at trial was not supported by her evidentiary hearing testimony. Movant also urges this Court to reject the motion court's credibility determination regarding his testimony because the record supports he is entitled to relief on this claim.

The State argues the motion court did not clearly err in denying relief on this claim because Movant failed to meet his burden of proving Counsel was ineffective given Movant's guilty plea petition, Movant's sentencing hearing testimony, and testimony adduced at the evidentiary hearing. The State further argues Movant failed to carry his burden of demonstrating he was prejudiced by Counsel's alleged ineffectiveness.

*Analysis*

Movant argues Counsel was ineffective for failing to advise him of the viability of proceeding to trial to assert he was guilty of first-degree child molestation rather than entering his guilty plea to attempted first-degree statutory rape because there was no evidence of penetration or attempted penetration. "It is counsel's basic duty 'to discuss the circumstances and possible consequences of entering a plea in order to ensure that the defendant makes an informed and intelligent decision about waiving the right to a trial.'" *Lusk*, 655 S.W.3d at 234 (quoting *Wiggins*

---

[2] Movant does not appeal the motion court's judgment denying his claim Counsel was ineffective for failing to investigate or advise him of the defense there was no penetration or attempted penetration.

5

*v. State*, 480 S.W.3d 379, 383 (Mo. App. E.D. 2015)). "Plea counsel's failure to inform the movant of the relevant and viable defense to the charges filed against the movant may negate the knowing entry of a guilty plea." *Id.* (quoting *Rueger v. State*, 498 S.W.3d 538, 543 (Mo. App. E.D. 2016)). A plea may also be rendered unknowing and involuntary if plea counsel fails to advise a movant of possible lesser-included offenses. *Id.* at 235.

This Court initially addresses Movant's request to disregard the motion court's determination his testimony was not credible because "in isolated instances" appellate courts have rejected credibility determinations. Movant relies on *State v. Ivy*, 869 S.W.2d 297, 301 (Mo. App. E.D. 1994) and *Madsen v. State*, 62 S.W.3d 661, 667–68 (Mo. App. W.D. 2001), which are distinguishable because those cases involved rejecting credibility determinations made without an evidentiary hearing. Here, the motion court found Movant's testimony he lied under oath at the plea hearing regarding Counsel's effectiveness hoping to get a lighter sentence damaged his credibility at the evidentiary hearing. The law is well-settled this Court must defer to the motion court's credibility findings. *Lusk*, 655 S.W.3d at 235. This Court declines Movant's request to disregard the motion court's credibility determinations after the motion court observed Movant's live testimony at the evidentiary hearing.

Movant next contends the record reflects Counsel failed to discuss any defenses with him regarding his assertion no penetration or attempted penetration occurred during the offense. Movant relies on his evidentiary hearing testimony he "took [his] genitals and [he] rubbed it on the surface of a vagina" but denied attempting to penetrate Victim. Movant argues the lack of penetration would support the defense he is guilty of the lesser-included offense of first-degree child molestation.

Movant was convicted of attempted first-degree statutory rape under section 566.032.[3] "Attempted statutory rape in the first degree occurs when a subject, with the purpose of committing the offense, takes a substantial step towards having sexual intercourse with another person who is less than fourteen years old." *State v. Smith*, 330 S.W.3d 548, 555 (Mo. App. S.D. 2010) (internal quotations omitted); section 566.032.1. "Sexual intercourse" is defined as "any penetration, however slight, of the female genitalia by the penis." Section 566.010(7).

A person commits the offense of first-degree child molestation "if he or she subjects another person who is less than fourteen years of age to sexual contact and the offense is an aggravated sexual offense." Section 566.067.1. "Sexual contact" is defined as "any touching of another person with the genitals or any touching of the genitals . . . of another person . . . for the purpose of arousing or gratifying the sexual desire of any person . . . ." Section 566.010(6). First-degree child molestation is a lesser-included offense of statutory rape. *State v. Barbee*, 568 S.W.3d 28, 33 (Mo. App. W.D. 2018).

Movant likens his case to *Barbee*, in which the Western District reversed a statutory rape conviction after finding the evidence was insufficient to prove the defendant's penis penetrated the victim's vagina when the record demonstrated the defendant's penis only "touched" the victim's vagina. *Barbee*, 568 S.W.3d at 31–32. The court remanded the case with directions to vacate the conviction and sentence, enter a conviction for the lesser-included offense of child molestation, and resentence the defendant accordingly. *Id*. at 34.

While *Barbee* supports Movant's assertion first-degree child molestation is a lesser-included offense of attempted statutory rape, it does not aid in his argument the evidence here demonstrated "mere surface-level touching" to support a finding Counsel was ineffective for

---

[3] All statutory references are to RSMo Cum. Supp. 2017, unless otherwise indicated.

failing to discuss this possible defense with him. In *Barbee*, the court found "there was simply a dearth of both facts and reasonable inferences to support a determination that penetration occurred." *Id*. at 32. In contrast, Counsel testified she examined the State's evidence which included Victim's mother walking in on the assault and witnessing penetration, Victim's forensic interview stating Movant's penis "went into a hole," and Movant's statement to police his penis was "trying to go in." Movant also testified at the plea hearing, "I rubbed my penis on her vagina and attempted to have sexual intercourse" when reciting the factual basis for his plea. The only evidence to support Movant's defense was his evidentiary hearing testimony stating he "took [his] genitals and [he] rubbed it on the surface of a vagina," which the motion court rejected as noncredible. Hence, the motion court did not err in finding Counsel was not ineffective for failing to advise Movant about this lesser-included offense defense theory because there was evidence of penetration or attempted penetration.

Movant further argues the motion court erred in denying his Rule 24.035 motion because the motion court's finding Counsel testified she had not considered or advised Movant about presenting this lesser-included offense defense theory because Counsel did not believe it would be successful at trial was not supported by the evidentiary hearing record. Movant cites *State v. Prince*, 940 S.W.2d 534 (Mo. App. E.D. 1997), to support his claim this Court must reject any motion court finding unsupported by the record. In *Prince*, this Court rejected a motion court's finding regarding counsel's trial strategy without the benefit of an evidentiary hearing. *Prince*, 940 S.W.2d at 539. Here, the motion court held an evidentiary hearing and summarized Counsel's testimony. Movant is correct Counsel could not recall many specific details of Movant's case or whether she discussed the possibility of raising the defense his actions constituted child molestation. Counsel testified, however, that after examining the State's evidence, which she

8

characterized as "pretty detrimental," and "pretty bad facts," she "thought [Movant's] chances were better to [plead guilty] than to go to trial and face a worse sentence," and she did not believe Movant's claim presented a viable defense. Hence, the motion court's finding was supported by the evidentiary hearing record.

Because this Court defers to the motion court's credibility determinations and Movant did not carry his burden of demonstrating the lesser-included defense theory of arguing he committed first-degree child molestation provided a viable defense, the motion court did not clearly err in overruling Movant's Rule 24.035 motion. Point I is denied.

## Conclusion

The motion court's judgment is affirmed.

_____
Philip M. Hess, Judge

Robert M. Clayton III, P.J. and
Cristian M. Stevens, J. concur.

9